Lake, Ch. J.
Of the errors assigned I will first notice the one that relates to the deposition of the witness, Mastin.
I. Before the trial a motion was made to suppress this deposition on the ground that it was taken by an unauthorized person.
Section 375, of the revised statutes designates those officers who may take depositions, out of the state. This authority, except in the case of a special commission, is limited to “a judge, justice, or chancellor of any court of record, a justice of the peace, notary public, mayor, or chief magistrate of any city, or town corporate.”
The deposition of Mastin was taken by the clerk of the district court for Arapahoe county in the territory *371 of Colorado, who had no authority to take it, and the motion to suppress ought to have been sustained.
But, notwithstanding this error of the court in refusing to suppress the deposition, in order to have made it available to the defendant, he should have objected to its being read to the jury on the trial, and taken his exception if the court ruled against him. Frost v. Goddard, 25 Maine, 414.
II. The receipt given by Mastín to the defendant should have gone in evidence to the jury. Under the pleadings, and the state of the plaintiff’s case, it was clearly admissible for at least two purposes: first, as evidence tending to prove a settlement of the account sued on; second, as tending, veiy strongly indeed, to impeach Mastín, who had testified not onty that Starring had paid him nothing for the use of the horse, but also, that he had given no receipt showing that he had done so.
There was testimony before the jury from which they could very reasonably have inferred that Mastín had ample authority both to make contracts, and collect pay for the service of the horse.
III. Again, I think the court committed an error in excluding the note for $50, given, and paid, by Straub to Mastín, for the use of the same horse. This note, together with the oral testimony of Straub, showed very clearly that the plaintiffs had at least permitted Mastín to act as their general agent in the management of this horse, and also in making settlement for his services in other cases.
For the same reason, I think the court erred in instructing the jury not to consider the testimony of the defendant as to his agreement with Mastín.
IV. The instruction tendered by the defendant was *372 not only good law, but pertinent to tlie testimony, and should have been given to the jury.
For these reasons the judgment of the district court must be reversed and a new trial awarded.
Judgment reversed.