GEORGE T. DAWSON ET AL., PLAINTIFFS IN ERROR, V.
RALPH DAWSON, DEFENDANT IN ERROR.

[FILED JUNE 13, 1889.]

1. **Depositions.** To entitle a deposition to be read in evidence,
the certificate must show that the deposition was taken at the
place, room, or office, named in the notice, and the certificate or
deposition on its face must show that the taking of the deposi-
tion was commenced on the day named in the notice.

2. ————. Where a motion to suppress a deposition has been errone-
ously overruled, in order to make such error available, the party
against whom such ruling is made, must, when such deposition
is offered in evidence, object thereto and save his exception.

3. **The Evidence** examined, and *held*, to sustain the judgment.

ERROR to the district court for Johnson county.    Tried
below before BROADY, J.

*S. P. Davidson*, for plaintiff in error.

*A. M. Appelget*, for defendant in error.

COBB, J.

This was an action in the nature of ejectment tried in
the district court of Johnson county.

. The plaintiff by his petition alleges that he has a legal
estate in and is entitled to the immediate possession of the
northwest quarter of the southwest quarter of section twen-
ty-four, township five north, range nine east, and that ever
since August 9, 1882, the defendants have been in posses-
sion of said land and still keep the plaintiff from the law-
ful possession thereof.

The defendants by their answer allege that at the com-
mencement of this suit they were, and for more than six
years had been, in the possession of their own barn or sta-

bles, and their own corrals, erected on not to exceed two acres of said land, and also of three rooms of the dwelling house thereon, and at the commencement of this suit, they, or either of them, were not in the possession of any portion of the balance of said land; that said stables, lots, and corrals, were placed on said portions of said land, and these defendants took possession of the portions of said dwelling house, under an agreement with Eleanor J. McFadden, (then E. J. Dawson,) who held the title to the land at the date of the agreement, that if defendants would place said improvements upon the land, and take good care of the premises, and also by reason of the land having been bought with the proceeds of property in which these defendants owned a large interest, she would deed the land to defendants, or to one of them, when they became of age; that the plaintiff knew of such agreement when he procured Eleanor J. McFadden to deed the land to him; that the defendants have kept and performed the agreement on their part; that both defendants were of age and upwards at the commencement of this suit, and were entitled to a conveyance of said real estate in pursuance of said agreement. The defendants deny that at the commencement of this suit they were in the possession of any other portion of the land mentioned, and deny every other allegation of the plaintiff not specifically admitted.

The plaintiff by his replication denied all new matter set up by the defendants; that they had been in possession in the manner set forth in their answer, or under any agreement of sale of Eleanor J. McFadden, or that of any other person.

There was a trial to the court, a jury being waived, with a finding and judgment for the plaintiff.

The defendants bring the cause to this court on error: "1. That the district court erred in overruling the motion to suppress the deposition of Eleanor J. McFadden."

Notice was served on the attorney for the plaintiffs in

error that the plaintiff below would take the deposition of the deponent, to be used in evidence on the trial, at the office of S. F. Lazier, James street, South Hamilton, Ontario, Canada, on Thursday, November 10, 1887. On the trial, defendants moved to strike out and suppress the deposition for the reason that appears on the face of the officer's certificate, that on the 10th of November, 1887, at 9 A. M., the notary adjourned the taking of testimony to the 11th of November following, at 3 P. M., at which time the deposition was taken. It does not appear that defendants, or any person or their behalf, were present at the time; but it does appear that the deposition was taken before Stephen Franklin Lazier, of the city of Hamilton, in the county of Wentworth, and province of Ontario, a notary public of royal authority, appointed within and for said province, and that it was taken at the city of Hamilton, in said county, "pursuant to the annexed notice;" but it does not state that it was taken at the office of S. F. Lozier, or at James street, or at South Hamilton, Ontario, Canada, or at any specified place. It does state that it was taken on the 10th of November, 1887, but shows on its face that the only thing done on that day was to adjourn to the 11th at 3 P. M. It is an inflexible rule that juridical depositions shall be commenced, and some progress made, under the notice for taking them, before adjourning to a future day; also that the deposition shall be taken at the place, i. e., the office or room by the name or number of that of the notice, of the city or town in the notice specified.

It was error, then, to have overruled the motion to suppress the deposition on both or either of the grounds stated. It has usually been held that in order to suppress such deposition on account of irregularity in taking it, a motion for that purpose must be made before the trial is entered upon.

In the case at bar, a diminution of the record was suggested, and a certificate filed, for the purpose of showing,

by the minutes of the trial judge, that the motion to suppress the deposition was not made until after the trial was entered upon. The certificate, however, fails to show it. The judge's minutes, as shown in the certificate, were in the following order:

"November 29. Jury waived by consent.

"December 21. Trial to court. ·

"December 21. Motion to suppress deposition overruled; defts. except.

"December 22. Continued."

Without noting the fact that the presentation or filing of the motion to suppress is not contained in the judge's minutes, it will be observed that the noting down of "trial to court" and "motion to suppress deposition overruled" in the order stated, without a certain indication of which first occurred, in point of fact, is not sufficient to establish precedence, in order of time, in one against the other, which ought, in good practice, to have taken precedence; but where the facts are noted as of the same date, as in this instance, that which should have been first moved will be construed to have been done first in point of fact.

But it appears from the bill of exceptions that upon the offering of the deposition in evidence the defendants made no objection to it as a whole, but made specific objections to certain portions of it, some of which were overruled, and others were sustained. In the case of *Starring v. Mason,* 4 Neb. 367, cited by counsel for defendants in error, a deposition was taken by the clerk of the district court of Arapahoe county, Colorado, who had no juridical authority to take it. On the trial the plaintiff moved to suppress it, which was overruled, and which, being subsequently assigned as error to the supreme court, the motion was there overruled. LAKE, Ch. J., said: "But notwithstanding this error of the court in refusing to suppress the deposition, in order to have made it available to the defendant, he should have objected to its being read to the jury on the

trial, and taken his exception if the court ruled against. him," citing *Frost v. Goddard*, 25 Maine, 414. This point,. therefore, can avail the plaintiffs in error nothing.

The only other point argued is that the finding of the court is contrary to the evidence.

It appears from the bill of exceptions that in 1878 the plaintiff purchased the quarter-section of land, including the forty acres in controversy, from the Maine Mutual Life Insurance Company, taking the deed in the name of his daughter, then Eleanor J. Dawson, who, being in New York, came out to Nebraska shortly before receiving the deed, bringing the defendant William J. Dawson with her. She received the deed, securing a portion of the purchase money by mortgage on the land, and soon afterwards re-turned to New York. In 1880 the mortgage was paid off and discharged. She stated in the deposition that all she did in respect to the land was for the plaintiff; that she paid for the same with money which she had received as the proceeds of his property which she had sold; that she never lived on the land nor received any rent or interest of any kind from it, but that the plaintiff lived on it contin-uously from about the time of its purchase forward; that afterwards, at his request, she conveyed it to him; that the wife of plaintiff, mother of defendants, went out to Ne-braska in the year 1879 to live with the plaintiff; that. witness saw them all living with the plaintiff on the land in question in the month of October, 1880; that the wife and mother died on the place in the year 1882, at which. time the deponent last visited the family, and when they were all living comfortably on the land together.

There was evidence on the part of defendants tending to-prove that before either of them left New York to come to. Nebraska, as well as on their arrival, and at subsequent. times, the sister, Eleanor, told them that if they would come out, and when there if they would work, cultivate,. and improve the land, they should have it for their own,.

and a title to it, on coming of age; and there is evidence by other disinterested witnesses of such expressions and statements by Eleanor, on the two occasions of her visiting this property, in reference to it and her two brothers. These statements are denied by her in the deposition, and did not seem of sufficient credibility and weight to convince the trial court of the merits of the defendants' claim.

In a purview of the case I deem it not improper to refer to another transaction between the defendants and their sister. In 1880 she purchased another tract, a quarter of section twenty-five adjoining, from the same insurance company, taking the title in her own name, but stating to the agent from whom she bought it that she was buying it for her two brothers, the defendants, and that if they would prove to be good boys, and work and improve the land, it was to be theirs on their arriving of age. Some years afterwards they brought an action against her in the district court of Johnson county for the specific performance of her gift to them of the land. The case was brought to this court, and a decree was entered in their favor, confirming the title to them. (See 22 Neb. 131.) In that case no claim was set up by the present defendants to any land other than the quarter section involved, and not to the land in this suit. While much of the defendant's evidence in this case is but a reproduction of that of the former one, which served its purpose, and, as I think, spent its entire force upon the property then in litigation, it does not borrow from age and use an accelerating influence. It is true there is other testimony as to work and labor by them in the construction of pens and corrals on the land, but I think it falls short of establishing title in them to the land itself.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.