WILLIAM VOGT, APPELLANT, V. CHARLES DAILY, SHERIFF, ET AL., APPELLEES.

FILED JANUARY 21, 1904.    No. 13,241.

Judgment: EXECUTION: REVIVOR. If the plaintiff in an action die after judgment, but before satisfaction thereof, no valid execution can be had upon the property of the judgment defendant until the judgment has been revived in the manner provided for in section 472 of the code.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Reversed with instructions.*

*Curtis L. Day* and *T. L. Sloan*, for appellant.

*John M. Curry*, contra.

KIRKPATRICK, C.

This is an appeal from a judgment of the district court for Thurston county dissolving a temporary injunction, theretofore granted on the application of appellant, restraining appellees, Nick Fritz and Charles Daily, from attempting to execute certain judgments upon the property of appellant. The judgments, two in number, had been obtained in justice court of Thurston county, in actions in which Henry F. Hattenhauer was plaintiff, and one Melcher Emmington and appellant were defendants. The judgments had never been transcribed, the executions being issued by the justice. Fritz claimed to be the assignee of said judgments, while Charles Daily appears by the record to be the sheriff of Thurston county, in whose hands the executions were placed for levy. In the petition of appellant it was alleged that Henry F. Hattenhauer, the judgment creditor, had departed this life many months prior to the attempted execution; that his estate was in

process of settlement, an administrator having been appointed, who was engaged in administering upon the estate; that neither of the appellees was in any sense an heir at law or personal representative of the judgment creditor, Hattenhauer, and that the judgments sought to be enforced had never been revived. These facts are all shown by the record to be true, and the sole question involved in this proceeding is whether, under this state of facts, it was error for the district court to dissolve the temporary injunction theretofore granted restraining appellees from attempting to execute the judgments in the name of Hattenhauer, deceased.

Section 472 of the code is as follows:

"If either or both the parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered and execution awarded as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

It seems to us apparent from the several provisions of the code, that quoted and those therein referred to, that actions at any stage of the proceedings, whether before judgment or after judgment and before execution, should be prosecuted in the name of the real party in interest, and that this party should be a living, breathing entity, a person of legal responsibility. Manifestly, if before judgment a party plaintiff die, the action can no longer proceed in his name, but must be revived in the name of his representative or successor. Sec. 458 of the code. It would seem that the legislature assumed that it would be equally incongruous to permit the execution of a judgment after the death of the judgment creditor in the name of the latter, and accordingly made a provision essentially similar for the revivor of the judgment in the names of the same parties who would have succeeded the plaintiff under section 458, if the death had occurred before judgment.

While by our code the writ of *scire facias* has been abolished, the procedure provided in lieu thereof is governed essentially by the same general principles. In the case of *Baker, Fry & Co. v. Ingersoll*, 37 Ala. 503, it is said:

"On the death of the nominal plaintiff in a judgment, a *scire facias* to revive it must be prosecuted in the name of his personal representative, and can not properly be issued in the name of the beneficial plaintiff alone, nor in the name of the deceased nominal plaintiff."

Section 438 of the code of Kansas is identical with our section 472, and passing upon that section the supreme court of Kansas in the case of *Seeley v. Johnson*, 61 Kan. 337, said:

"A sale of real estate made upon a special execution issued after the death of the plaintiff in the decree, without a revivor of the judgment, is void." In the opinion it is said: "A defendant whose property is levied upon under an order of sale or general execution ought to be able to ascertain from an inspection of the record in the case to whom payment of the debt may be made, and when the death of the owner of the judgment occurs, all proceedings for its enforcement ought to be held in abeyance until some person in being is substituted with whom the debtor may treat regarding the satisfaction of the judgment."

The language just quoted seems to be especially pertinent to the reason and spirit of the provision for revivor after death of the judgment creditor, and it is apparent to us that the order of the district court dissolving the temporary injunction in this case was erroneous. It is therefore recommended that the judgment of the district court be reversed, and that this cause be remanded with directions to the district court to enter a judgment permanently enjoining appellees from attempting to execute the judgments mentioned until they are properly revived.

DUFFIE and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, the judgment of the district court is reversed, and the cause remanded with direction to the district court to enter a judgment granting a permanent injunction as prayed for in the petition of appellant.

REVERSED.