THOMAS B. MURRAY, ADMINISTRATOR, APPELLEE, V. OMAHA
TRANSFER COMPANY, APPELLANT.

FILED JANUARY 30, 1914.   No. 17,421.

1.  **Abatement:** DEATH OF PLAINTIFF.  Under section 455 of the code, a pending action for personal injuries does not abate by the death of the plaintiff.

2.  **Action:** REVIVOR.  Where the plaintiff dies from personal injuries for which he brought suit, the action may be revived by the administrator of his estate and prosecuted to final judgment for the benefit of such estate.

3.  **Appeal:** IMMATERIAL QUESTIONS.  On appeal a question not necessary to a decision may be disregarded, though argued by both parties.

4.  **Damages:** ACTION FOR PERSONAL INJURIES: REVIVOR.  Where the plaintiff dies from personal injuries for which he brought suit, and the action is revived in the name of the administrator of his estate, the damages to which the injured person was entitled follow the order of revivor to the administrator.

5.  ——: ——: ——.  Where plaintiff dies from personal injuries for which he brought suit, and the action is revived in the name of an administrator, the latter takes the decedent's place in the litigation, and is entitled to recover for the benefit of the estate what the injured person would have been entitled to recover had he survived his injuries.

6.  **Harmless error** in an instruction is not a ground for the reversal of a judgment.

7.  **Appeal:** OBJECTION: DEPOSITION.  To make error available in the overruling of a motion to suppress a deposition, there must be an objection to such deposition, when offered in evidence.

Murray v. Omaha Transfer Co.

8. **Evidence:** Harmless Error.   A ruling admitting· in evidence that part of the Carlisle table showing the expectancy of life at the age of 50, *held* not reversible· error, 'under facts stated in the opinion, where there was direct, uncontradicted evidence that the deceased person was 50 years old, though a physician who did not. know his age testified: "In my opinion, he was in the neighborhood of 50 years of age. I do not think he could have been over 55 years."

9. ——: ——.   Admission in evidence of the photograph of a deceased person *held* not prejudicial to appellant.

Appeal from the district court for Douglas county: William A. Redick, Judge.   *Affirmed.*

*John C. Cowin* and *Isidor Ziegler,* for appellant,

*John A. Moore* and *H. S. Daniel, contra.*

Rose, J.

Henry Miller commenced this action August 29, 1910, to recover damages in the sum of $15,000 for personal injuries alleged to have been negligently inflicted upon him by the Omaha Transfer Company on August 27, 1910. At the intersection of Sixteenth and Cuming streets in Omaha, he was run over and injured by a horse and wagon in charge of a driver in the employ of defendant. From resulting injuries Miller died August 29, 1910, a few hours after his petition had been filed. Later the action was revived in the name of Thomas B. Murray, administrator. After revivor, an amended petition, also demanding damages for Miller's injuries, was filed by the administrator for the benefit of decedent's estate. In an answer to the amended petition, it was admitted that Miller was struck by a horse and wagon of defendant while they were in charge of one of its employees, and that the resulting injuries were fatal; but defendant denied the negligence imputed to it, and pleaded, among other things, that the injuries were caused by carelessness on the part of Miller. From judgment on a verdict in favor of plaintiff for $4,000, defendant has appealed.

Murray v. Omaha Transfer Co.

The judgment is vehemently assailed in an extended argument directed to propositions that the suit for damages arising from personal injuries abated with the death of the original plaintiff, that the action could not legally be revived for the benefit of the estate of Miller, and that after his death there was no existing cause of action except the statutory one for the benefit of the widow and next of kin. It is asserted that the legislation relating to this subject, when considered together, does not authorize a recovery for the benefit of the estate of Miller in an action by the administrator. In this connection defendant refers to sections 45, 454 and 455 of the code, relating to the abatement and the survival of actions; to Lord Campbell's Act (Comp. St. 1911, ch. 21, secs. 1, 2) authorizing a suit for the benefit of the widow and next of kin who have been deprived of the support of one who came to his death by the wrongful act of another; and to the statute (Comp. St. 1911, ch. 15a, sec. 1) adopting as the law of this state applicable and consistent portions of the common law of England. Counsel for defendant state their position as follows: "Section 455 simply provides: 'No action pending in any court shall abate by the death of either or both the parties thereto,' etc. It is not a survivor law. This statute of abatement, and no other statute of abatement, and no statute of survivor create a new cause of action. The death act creates an entirely new cause of action. The beneficiaries are entirely different. The rule of damages is different. Therefore, when Miller died, the cause of action then pending died with him, and a new cause of action for the injuries immediately came into being under the death act for the benefit of the widow and next of kin. As, therefore, section 455 does not create a new cause of action, it does not, nor any other provision of the statute, authorize the revivor of a cause of action that has become extinct. Section 455, or any other provision of the statute, was not intended to keep the action alive after the death of the injured party in favor of attorneys and creditors, and deprive the widow and next of kin of the bene-

fits of the so-called Campbell Act. There is no petition in this case based on the death cause of action." In support of the position thus taken, many cases are cited, among them the following: *Brown v. Electric R. Co.,* 101 Tenn. 252, 70 Am. St. Rep. 666, 684; *Perry v. Philadelphia, B. & W. R. Co.,* 1 Boyce (Del.) 399, 77 Atl. 725; *Holton v. Daly,* 106 Ill. 131; *Chicago & E. I. R. Co. v. O'Connor,* 119 Ill. 586; *McCarthy v. Chicago, R. I. & P. R. Co.,* 18 Kan. 46; *Louisville & N. R. Co. v. McElwain,* 98 Ky. 700, 34 S. W. 236; *Lubrano v. Atlantic Mills,* 19 R. I. 129; *Griffiths v. Earl of Dudley,* 9 Q. B. Div. (Eng.) 357; *Martin v. Missouri P. R. Co.,* 58 Kan. 475; *Strode v. St. Louis Transit Co.,* 197 Mo. 616, 95 S. W. 851; *Andrews v. Hartford & N. H. R. Co.,* 34 Conn. 57; *McLaughlin v. Hebron Mfg. Co.,* 171 Fed. 269; *Gilkeson v. Missouri P. R. Co.,* 222 Mo. 173, 24 L. R. A. n. s. 844.

On the contrary, plaintiff relies on section 455 of the code, providing: "No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance or against a justice of the peace for misconduct in office; which shall abate by the death of the defendant."

It is contended by plaintiff that Miller's action for personal injuries is not included in the enumerated actions which abate by the death of a party; that the right of Miller to recover damages for personal injuries survives; that the administrator takes the decedent's place and is entitled to recover what Miller would have been entitled to recover had he survived his injuries.

It is apparent from an examination of analogous cases that the courts of different states are not harmonious in their rulings on the point in controversy. The question, however, does not seem to be an open one in this state, where it has been held that, under section 455 of the code, a pending action for personal injuries does not abate by the death of the plaintiff. *Webster v. City of Hastings,* 59 Neb. 563; *Cleland v. Anderson,* 66 Neb. 252, 270; *Sheibley v. Nelson,* 83 Neb. 501. The opinions in these cases

do not make an exception to the right of revivor, where plaintiff died from the injuries for which he brought suit. The statutes, as already construed, make no such exception, and the court should not. *Mahoning V. R. Co. v. Van Alstine*, 77 Ohio St. 395; *Frame v. State*, 53 Ohio St. 311; *Alpin v. Morton*, 21 Ohio St. 536. The action not having abated, the statutes make provision for revivor. Code, secs. 459, 460, 463.

It is further argued that the recovery in favor of Miller's estate for personal injuries, if sanctioned, may subject defendant to double damages in another suit for the benefit of the widow and next of kin. This question is not necessary to a decision. If the allowance of an erroneous measure of recovery has been properly challenged on this appeal, the error will be corrected. The record does not disclose any purpose on behalf of the widow and next of kin to sue defendant for damages for the death of Miller.

Instructions relating to the measure of damages are criticised as erroneous. Having determined that the action did not abate and that its revival was authorized by statute, the damages to which the injured person was entitled followed the order of revivor to the administrator of his estate. The correct rule seems to be that the administrator takes the decedent's place in the litigation and is entitled to recover for the benefit of the estate what the injured person would have been entitled to recover had he survived his injuries. *Maher v. Philadelphia Traction Co.*, 181 Pa. St. 391; *McCafferty v. Pennsylvania R. Co.*, 193 Pa. St. 339; *Edwards v. Gimbel*, 202 Pa. St. 30; *City of Belfast*, 135 Fed. 208; *Kyes v. Valley Telephone Co.*, 132 Mich. 281; *Olivier v. Houghton County Street R. Co.*, 134 Mich. 367; *Vicksburg & M. R. Co. v. Phillips*, 64 Miss. 693, 2 So. 537; *Muldowney v. Illinois C. R. Co.*, 36 Ia. 462; *Brown v. Chicago & N. W. R. Co.*, 102 Wis. 135. The rules for determining the measure of damages, had Miller survived his injuries, are well settled, and there was no substantial departure therefrom in the instructions.

An instruction of considerable length is pointed out as erroneous, because by it "the jury are told that upon certain facts the defendant was guilty of negligence, while other most material facts bearing upon that issue are entirely omitted." There are a number of reasons why the judgment should not be reversed for the giving of the instruction thus criticised: The overwhelming weight of the evidence tends to show that the negligence of defendant's servant was the proximate cause of Miller's injuries. The charge as a whole directed the jury to consider all of the evidence. They found for plaintiff on the issue of negligence. It seems clear from the whole record that the verdict would not have been different without the instruction criticised. An instruction on the same subject, conforming to defendant's view of the law and the proofs, was not offered. Error is not assigned in a manner conforming to the rules of this court. Other instructions are criticised, but no prejudicial error has been found therein.

Complaint is made because the court below, previously to the trial, overruled a motion to suppress a deposition on behalf of plaintiff. Neither the abstract nor the bill of exceptions shows that the objection to the entire deposition was renewed when it was offered at the trial. Parts of it were read to the jury without objection. This assignment of error is therefore unavailing for the following reason: "Where a motion to suppress a deposition has been erroneously overruled, in order to make such error available, the party against whom such ruling is made must, when such deposition is offered in evidence, object thereto and save his exception." *Dawson v. Dawson,* 26 Neb. 716; *Starring v. Mason,* 4 Neb. 367.

Was that part of the Carlisle table showing the expectancy of life at the age of 50 erroneously admitted in evidence? The affirmative of this question is argued by defendant, and reference is made to the following testimony of a physician in regard to the age of Miller at the time of his death: "In my opinion, he was in the neighborhood of 50 years of age. I do not think he could have been

over 55 years." It is insisted that the ruling in regard to the Carlisle table took from the jury the question of Miller's age and arbitrarily fixed it at 50 years, while the evidence was that he was about 50, and not more than 55. This testimony is merely the opinion of a physician who did not know the age of decedent. Defendant offered no proof on that issue, but there is uncontradicted, direct evidence that Miller was 50 at the time of his death. Plaintiff asserted that this was his age, and had a right to prove his expectancy on that basis. To aid the jury in ascertaining the probable duration of life, had death not resulted from violent means, part of the table was introduced. Defendant did not offer tables showing the expectancy of life between the ages of 50 and 55, nor request an instruction limiting them to its view of the evidence as here asserted. In *Pearl v. Omaha & St. L. R. Co.,* 115 Ia. 535, it is said: "The tables, to be admissible, need not show the precise age, but approximately that of the person involved. As defendant did not ask an instruction limiting the force and effect to be given these tables, it is not in a situation to complain of the court's omission to so instruct." On the record presented for review, the ruling under consideration does not seem to call for a reversal.

A photograph of Miller, taken after his death, was admitted in evidence, and the ruling is also assailed. Plaintiff attempts to justify the admission of this exhibit by asserting that it was within the discretion of the trial court to admit it as indicating Miller's appearance with respect to age and vigor. However this may be, the jury's consideration of the photograph could only affect the measure of damages. Aside from the questions of negligence and contributory negligence, the manner in which Miller was fatally injured is not in dispute. Unless the recovery is excessive, prejudicial error does not appear, and no substantial ground for interfering with the verdict as excessive has been found.

                                        AFFIRMED.

BARNES, LETTON and SEDGWICK, JJ., not sitting.