SMITH, APPELLANT, *v.* RALPH, APPELLEE.

[Cite as Smith v. Ralph, 18 Ohio App. 2d 235.]

(No. 9328—Decided June 3, 1969.)

*Mr. Harry Lewis,* for appellant.

*Messrs. Isaac, Postlewaite, O'Brien & Oman,* for appellee.

HOLMES, J. This is an appeal from an order of the Common Pleas Court of Franklin County overruling the motion of plaintiff, appellant herein, for a substitution of parties defendant and a dismissal of an action for damages.

The specific question presented is whether a tort action rightly brought by the injured party against the tort-feasor may, after the death of such tort-feasor, proceed as against the personal representative of the deceased tort-feasor in the absence of a revivor of such action pursuant to Section 2311.31, Revised Code, and in the absence of a presentment of a claim to the administrator pursuant to Section 2117.06 or 2117.07, Revised Code.

The agreed facts in this case show that the auto-

mobile accident which gave rise to the original damage action occurred on January 14, 1965. On December 29, 1966, the plaintiff, George E. Smith, filed an action against the defendant, appellee herein, Robert E. Ralph, now deceased, seeking a recovery for the injuries sustained by plaintiff as a result of the accident.

On January 18, 1967, the defendant, Ralph, duly filed his answer in such action.

On September 3, 1967, the defendant, Ralph, died. On November 9, 1967, the deceased's wife, Bertha V. Ralph, was appointed administratrix of his estate. On November 13, 1967, the plaintiff, through his counsel, was informed of the estate administration, and of the appointment of the administratrix.

Nothing further transpired until September 16, 1968, when the plaintiff filed a motion in the damage action seeking the substitution of the administratrix of the estate of Robert E. Ralph as the party defendant.

On September 23, 1968, the defendant filed a motion seeking an order dismissing the case for failure to comply with the provisions of Section 2311.31, Revised Code, which section deals with revivor of actions.

The Common Pleas Court overruled plaintiff's motion for a substitution of parties, sustained the defendant's motion, and ordered the case dismissed. The plaintiff thereupon appealed to this court.

The assignment of error is singularly as follows:

"The trial court committed error prejudicial to plaintiff-appellant in sustaining the motion filed by defendant-appellee, and ordering the case dismissed for the reason that plaintiff-appellant was not required to present a claim in accordance with the provisions of Section 2117.06, Revised Code, where he was seeking recovery from defendant-appellee's insurance policy exclusively."

This court agrees with the plaintiff that it was not necessary for him to have presented a claim in accordance with Section 2117.06, Revised Code, but we do not agree that there was error committed by the lower court in sustaining the defendant's motion to dismiss.

Basically, the following sections of the Revised Code are dispositive of the instant case:

Section 2311.25. "If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successors, the action may be revived and the action proceed in the name of such representatives or successors."

Section 2311.31. "Upon the death of a defendant in an action wherein the right, or any part of it, survives against his personal representative, the revivor shall be against him. The attorney of record for the defendant in any action commenced prior to the death of such defendant and pending on the date of death in a court of record in this state, if he has actual knowledge of the death of such defendant, shall file a notice of death in the pending action stating the fact of death and the date of its occurrence. Such notice shall be filed within ten days after the attorney acquires such actual knowledge of the defendant's death and a copy of the notice shall be served upon the attorney of record for the plaintiff. An action for the recovery of money pending at the death of the defendant shall not be revived against the executor or administrator as provided in Sections 2311.21 to 2311.37, inclusive, of the Revised Code, unless written notice of the application or proceedings for such revivor is given to the executor or administrator within the time provided for the presentation of claims by creditors in Section 2117.06 of the Revised Code. * * *"

Section 2117.06. "All creditors having claims against an estate shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated. All claims shall be presented within four months after the date of the appointment of the executor or administrator * * *."

In this case we are dealing with a type of action which does not abate at the death of one of the parties. Such

pending action retains its validity and is not quashed or destroyed by the death of such party.

However, although such action is not quashed by the death of such party, Ohio law mandates that certain things be done in order that such action might proceed to the merits of the matter as against that party who represents the interests of the deceased.

Pursuant to Section 2311.25, Revised Code, if one of the sole parties dies and the right of action survives, the action may be revived and proceed in the name of the decedent's representative or successor in interest.

Such revivor, under the Code, may be effected by motion or supplemental pleading pursuant to Section 2311.26, Revised Code, or by conditional order, pursuant to Section 2311.27, Revised Code.

In any proceeding where an action is sought to be revived, it must be done in one of the ways specifically provided by statute. And unless the statutory provisions are followed, any such pending action has no force and effect.

As stated in 1 Ohio Jurisprudence 2d on Abatement, Survival, and Revival, Section 54, at page 76:

"While in the case of the death of one of several parties plaintiff or defendant an action may proceed provided that fact is stated of record, it is necessary, if the sole plaintiff or defendant dies before judgment, that the action be revived in the name of the representative or successor in interest, by some one of the methods of revivor authorized by the Code, before the case can properly be continued and a binding judgment rendered. Upon the death of a party to a pending action, that action dies for the time being, until galvanized into life by the proper proceedings, which will substitute the proper party in place of the deceased party. The law provides for no automatic successor in case of death. * * *"

Section 2311.31, Revised Code, provides that upon the death of a defendant in an action wherein the right, or any part of it, survives against his personal representative, the revivor shall be against him.

The instant case involves an action wherein the right has survived as against the deceased's personal representative, and pursuant to Section 2311.31, Revised Code, such revivor should be exercised as against such personal representative.

Section 2311.31, Revised Code, provides, in effect, that the attorney for the defendant in an action commenced prior to the death of such defendant must file a notice of such death in the pending action within ten days of gaining such knowledge.

The trial court below held that there had been substantial compliance with this notice provision. This matter was not argued by counsel herein, and will not be further considered as pertinent to the issues presented.

Such Section 2311.31, Revised Code, further provides that in the instance of a revivor of an action for the recovery of money as against a personal representative of a deceased defendant, an additional procedural step need be taken. This section provides that such an action shall not be revived as against the executor or administrator unless written notice of the application or proceedings for such revivor is given to the executor or administrator within the time provided for presentation of claims by creditors in Section 2117.06, Revised Code.

Therefore, a revivor of an action for money as against a fiduciary representing an estate may be perfected only after giving written notice within the time prescribed in Section 2117.06, Revised Code, which section provides for the presentation of creditors' claims against an estate within a four-month period after the appointment of the executor or admininstrator.

Appellant herein (plaintiff) asserts that he should not be held to the requirements of Section 2117.06, Revised Code, in that he does not seek to satisfy his claim from the assets of the estate, but seeks only to recover from the liability insurance policy as possessed by the deceased.

In support of such proposition, the plaintiff primarily cites the case of *Meinberg* v. *Glaser*, 14 Ohio St. 2d 193.

It is the view of this court that such case does not bolster plaintiff's position.

The *Meinberg case* held in effect, that an automobile liability policy as possessed by the deceased was not an asset of the estate within the meaning of the words in Section 2117.07, Revised Code, and that a tort action to recover under such policy could be brought against the executor or administrator of the deceased's estate within a two-year period pursuant to Section 2305.10, Revised Code, rather than be held to the more limited period of four months as for regular claims against the estate pursuant to Section 2117.06, Revised Code, or nine months as provided for in Section 2117.07, Revised Code, as for specified claims against the estate.

The *Meinberg case*, wherein the action had not been filed prior to the death of the tort-feasor, did not deal with the matter of revivor of an action, but dealt specifically with the last paragraph of Section 2117.07, Revised Code, which provides that the time limitation as imposed by Sections 2117.06 and 2117.07, Revised Code, shall not affect the filing of a tort action against nonestate property pursuant to Section 2305.10, Revised Code.

The court in the *Meinberg case* held that in such instance there need be no *claim* filed with an executor or administrator in order to proceed to bring an action within the two-year period. The court was not holding that there need be no adherence to jurisdictional procedures in order to perfect a revivor of an action against the fiduciary of an estate. More specifically, the court was not saying that there need be no *notice* given to an executor or administrator as required to perfect a revivor of an action against such fiduciary pursuant to Section 2311.31, Revised Code.

The requirements of Section 2311.31, Revised Code, are applicable in an action which is to be revived and proceed against the personal representative of a deceased, whether recovery is sought either against estate or nonestate assets.

In order to perfect a revivor of a tort action against

an executrix seeking a money recovery from a liability insurance policy, written notice, pursuant to Section 2311.31, Revised Code, must be given such fiduciary within the four-month period as provided in Section 2117.06, Revised Code, or within the nine-month period as provided in Section 2117.07, Revised Code.

In the case before us, there was an absence of such necessary procedural step. No notice pursuant to Section 2311.31, Revised Code, was given by the plaintiff to the executor of the estate of Robert E. Ralph, the defendant.

The requirements of Section 2311.31, Revised Code, are jurisdictional, and if not followed by one who wishes to revive his cause of action, such cause may be extinguished by the passage of time. Such are the facts in this case.

The order of the Court of Common Pleas dismissing the action below is, hereby, affirmed.

*Judgment affirmed.*

Duffy, P. J., and Strausbaugh, J., concur.