Michael A. Linch, Sr., as Personal Representative of the Estate of Peter A. Darsaklis, deceased, appellant, v. Northport Irrigation District and Morrill County, Nebraska, appellees.

717 N.W.2d 522

Filed July 3, 2006.   No. A-04-1395.

Samuel W. Segrist, of Meister & Segrist, P.C., L.L.O., for appellant.

Terrance O. Waite and Keith A. Harvat, of Waite, McWha & Harvat, for appellee Northport Irrigation District.

Steven W. Olsen, of Simmons Olsen Law Firm, P.C., for appellee Morrill County.

SIEVERS, MOORE, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

Michael A. Linch, Sr., personal representative of the estate of Peter A. Darsaklis, deceased, purportedly appeals from the dismissal for want of prosecution of his petition against Northport Irrigation District (Northport) and Morrill County, Nebraska. The district court entered its order after being informed by Linch's counsel that Linch had died. Because the proceedings were suspended by Linch's death and were not revived before the dismissal for want of prosecution, we reverse, and remand for further proceedings.

## BACKGROUND

On July 6, 2001, Linch, acting as personal representative for Darsaklis' estate, filed a petition against Northport and Morrill County. The petition alleged that on July 7, 1999, Darsaklis was involved in a one-vehicle accident caused by the negligence of Northport and Morrill County, and it requested damages for personal injuries sustained by Darsaklis in the accident. Northport and Morrill County answered the petition on September 6, 2001, and August 27, 2001, respectively, and each defendant essentially denied liability for Darsaklis' accident and injuries. On September 21, Linch filed replies asserting general denials in response to Northport's and Morrill County's answers.

On July 12, 2004, the district court entered an order dismissing the case without prejudice, effective November 1, unless the case was tried by that date or good cause was shown in writing prior to that date.

On October 25, 2004, Linch's counsel filed a showing of good cause why the petition should not be dismissed. It reported that Linch had died and that counsel required additional time for the appointment of a new personal representative. An attached affidavit of counsel stated that he had informed Darsaklis' family of

the circumstances but that "no one yet ha[d] come forward to agree to be a personal representative in this claim."

On November 9, 2004, the district court conducted a hearing on its order of July 12. At the hearing, Linch's counsel stated, "Linch the [personal representative] the only other family member we were aware of is a brother [whose] last known address is in Denver. We have contacted him and received no response." The district court received two exhibits: the October 25 affidavit and an affidavit filed November 9. In the November 9 affidavit, Linch's counsel alleged that he had taken over the case, along with many others, from Linch's former counsel. The affidavit requested an additional 6 months to try the case or settle it.

On November 24, 2004, the district court entered an order finding that no good cause had been shown why the matter should not be dismissed and dismissing the case without prejudice. Linch's counsel filed this appeal, signing the notice of appeal as attorney for Darsaklis.

## ASSIGNMENT OF ERROR

Linch's counsel alleges, rephrased and consolidated, that the district court abused its discretion in dismissing the petition for failure to prosecute despite a showing of good cause.

## STANDARD OF REVIEW

Dismissal of a civil action for lack of prosecution is addressed to the discretion of a trial court, whose ruling, in the absence of an abuse of discretion, will be upheld on appeal. *Billups v. Jade, Inc.*, 240 Neb. 494, 482 N.W.2d 269 (1992).

## ANALYSIS

The parties frame the issue as whether the district court abused its discretion in dismissing the petition for lack of prosecution. All of the parties concede that Linch is deceased, but they fail to address the significance of that fact. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Krumwiede v. Krumwiede*, 258 Neb. 785, 606 N.W.2d 778 (2000). Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the

judicial process. *In re Interest of Mainor T. & Estela T.*, 267 Neb. 232, 674 N.W.2d 442 (2004). We note plain error in the failure to recognize the significance of Linch's death.

At common law, a personal injury action did not survive the death of the plaintiff or the defendant, but abated upon the death of either party. See *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 314 N.W.2d 19 (1982). The enactment of the survivorship statutes, Neb. Rev. Stat. §§ 25-1401 and 25-1402 (Reissue 1995), in 1867 changed the common-law rule, "and then only to the limited extent provided by statute." *Rhein v. Caterpillar Tractor Co.*, 210 Neb. at 324, 314 N.W.2d at 22. Pursuant to § 25-1402, "[n]o action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, or for a nuisance, which shall abate by the death of the defendant." Therefore, under § 25-1402, the cause of action filed by Linch on behalf of Darsaklis did not abate as a result of Linch's death. See *Murray v. Omaha Transfer Co.*, 95 Neb. 175, 145 N.W. 360 (1914) (action for personal injuries does not abate by death of plaintiff).

Neb. Rev. Stat. § 25-1405 (Reissue 1995) provides, "Where one of the parties to an action dies, or his powers as a personal representative cease, before the judgment, if the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in their names." The powers of a personal representative cease upon the death of the individual exercising those powers. Neb. Rev. Stat. § 30-2452 (Reissue 1995). Accordingly, where, as in the instant case, a de - ceased personal injury plaintiff's personal representative dies (and, thus, the personal representative's powers cease) before the judgment, such action is not abated and may be revived.

In *Fox v. Nick*, 265 Neb. 986, 660 N.W.2d 881 (2003), the defendant in a personal injury action died while the action was pending. Although a special administrator was appointed for the deceased and served with summons, the record did not disclose an order reviving the action in the name of the special administrator. Because the analysis of the Nebraska Supreme Court in *Fox v. Nick* closely tracks the controlling law in the instant case, we quote extensively from the Supreme Court's opinion:

Although the enactment of § 25-1402 changed the common law pertaining to the abatement of pending actions, as we observed in *Rhein v. Caterpillar Tractor Co.*, 210 Neb. 321, 324, 314 N.W.2d 19, 22 (1982), such changes are "only to the limited extent provided by statute." To that effect, a pending action which survives the defendant's death must be revived in the manner provided by statute. *Workman v. Workman*, 167 Neb. 857, 872, 95 N.W.2d 186, 195 (1959) (stating that "[p]rocedure for revivor is provided by statute upon the death of a litigant in a cause pending in his lifetime if the cause of action did not abate upon his death"); *Murray v. Omaha Transfer Co.*, 95 Neb. 175, 179, 145 N.W. 360, 362 (1914) (stating that "[t]he action not having abated, the statutes make provision for revivor"). See, also, *Vogt v. Daily*, 70 Neb. 812, 813, 98 N.W. 31, 32 (1904) (stating "[m]anifestly, if before judgment a party plaintiff die, the action can no longer proceed in his name, but must be revived in the name of his representative or successor"); *A.J. Armstrong Company v. Hufstedler*, 75 N.M. 408, 410, 405 P.2d 411, 412 (1965) (stating that "[i]t is fundamental that a pending action cannot be prosecuted after the death of a party defendant thereto, so as to affect the decedent's estate, until it is revived against his personal representative or successor in interest").

As observed in 1 C.J.S. *Abatement and Revival* § 155 at 211-12 (1985):

"The substitution of a new party to proceed with the prosecution or defense of a claim is the revivor of an action. The death of a party to a legal proceeding, where the cause of action survives, suspends the action as to decedent until someone is substituted for decedent as a party.

"The right to revive or continue a pending action at law after the death of a party is purely statutory; there may be a revival or continuance when and only when the case is within a statute permitting it, and strict compliance with the statutory requirements is shown."

If a pending action is not revived in the manner provided by statute, "such pending action has no force and effect" as to any entity in whose name revivor was required. *Smith*

*v. Ralph*, 18 Ohio App. 2d 235, 238, 248 N.E.2d 208, 210 (1969); *A.J. Armstrong Company v. Hufstedler*, 75 N.M. at 410, 405 P.2d [at] 412 (noting that "[s]ince the revival of actions at law is purely statutory, they may be revived only as prescribed by [a New Mexico statute]" nearly identical to Neb. Rev. Stat. § 25-1411 (Reissue 1995)). See, also, Neb. Rev. Stat. § 30-2404 (Reissue 1995) ("no proceeding to enforce a claim against the estate of a decedent . . . may be revived . . . before the appointment of a personal representative").

265 Neb. at 991-92, 660 N.W.2d at 885-86.

We conclude that the same rationale applies in the event of the cessation of a personal representative's powers as a result of the representative's death. Upon Linch's death and the resulting cessation of his powers as personal representative, the cause of action, while still surviving, was suspended or "dormant," see *Fitzgerald v. Clarke*, 9 Neb. App. 898, 903, 621 N.W.2d 844, 848 (2001), until such time as it was revived or stricken from the docket in accordance with the procedure set forth by statute. See, Neb. Rev. Stat. § 25-1414 (Reissue 1995) (action may not be revived as to plaintiff without consent of defendant after expiration of 1 year); Neb. Rev. Stat. § 25-1415 (Reissue 1995) (if action cannot be revived, it shall be stricken from docket).

Under Neb. Rev. Stat. § 25-1407 (Reissue 1995),

[t]he order [of revivor] may be made on the motion of the adverse party, or of the representatives or successor of the party who died, or whose powers ceased, suggesting his death or the cessation of his powers, which, with the names and capacities of his representatives or successor, shall be stated in the order.

Although Linch's counsel filed a showing claiming that good cause existed not to dismiss the action, stating that Linch had died and requesting additional time for the appointment of a personal representative, it was not presented as a motion for revivor. Additionally, the record does not contain an order made by consent of the parties, as described by Neb. Rev. Stat. § 25-1408 (Reissue 1995), or any order reviving the cause of action pursuant to Neb. Rev. Stat. § 25-1406 (Reissue 1995), which provides that revivor shall be by an order that the action shall be

revived in the names of the representatives or successors of the deceased party. Indeed, counsel's affidavit plainly shows that no successor personal representative had yet been appointed.

■ With no revivor having occurred, the instant case could not proceed after the district court learned of Linch's death. See, *Vybiral v. Schildhauer*, 144 Neb. 114, 12 N.W.2d 660 (1944) (if plaintiff dies before judgment, there must be revival before action can proceed); *Vogt v. Daily*, 70 Neb. 812, 813, 98 N.W. 31, 32 (1904) ("[m]anifestly, if before judgment a party plaintiff die, the action can no longer proceed in his name, but must be revived in the name of his representative or successor"). The revivor statutes only authorized the district court to revive the action upon a proper motion or to strike the action from the docket if no revivor could occur. See §§ 25-1407 and 25-1415. Because the record does not show that Linch had died more than 1 year prior to the court's dismissal order, we cannot construe that order as an order striking the action from the docket pursuant to § 25-1415. Therefore, we conclude that the district court committed plain error in dismissing the petition for want of prosecution when Linch's death had suspended the action. Accordingly, we reverse, and remand for further proceedings. Although we probably would not have found an abuse of discretion in the district court's order dismissing the action for want of prosecution, given the apparent inadequacies of the affidavits of Linch's counsel, the showing of Linch's death shifted the applicable statutory framework from the statutes pertaining to diligent prosecution to those concerning abatement and revivor.

## CONCLUSION

Because Linch's powers as personal representative ceased upon his death and the action became suspended or dormant until it could be revived in the name of Linch's successor personal representative or until stricken from the docket, we conclude that the district court committed plain error in dismissing the action for want of prosecution, and we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.