In re LECKIE et al.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

MORTGAGES (§ 314*)—DISCHARGE—LOST MORTGAGES.

Real Property Law (Laws 1903, p. 1142, c. 490) § 270a, provides that in certain counties no mortgage shall be discharged of record unless, in addition to the satisfaction piece, there is presented to the recording officer the original mortgage or a certified copy of an order dispensing with its production. Mortgagees applied for an order dispensing with the production of the mortgage, because of its loss after being recorded, and that the owner, having contracted to convey free of incumbrances, desired to pay the debt. Held, that the application was improperly denied on the ground that the mortgage had not been paid; there being no suspicious circumstances attending the application, and every one connected with the property appearing to understand that applicants owned the mortgage.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 314.*]

Appeal from Special Term, New York County.

Application by Peter Leckie and another, adversely to the register of the county of New York, for an order dispensing with the production of a mortgage on satisfaction thereof. Order denying the application, and applicants appeal. Reversed, and application granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Francis J. Kuerzi, for appellants.
Theodore Connoly, for respondent.

HOUGHTON, J. The appellant Leckie held a mortgage upon real property in the city of New York, which was lost after it was placed

on record.   Section 270a of the Real Property Law (Laws 1903, p. 1142, c. 490) provides that, in counties wholly embraced in a city of the first class, no mortgage shall be discharged of record unless, in addition to the satisfaction piece, there shall be presented to the recording officer for cancellation the original mortgage, or a certified copy of an order dispensing with the production of such mortgage and directing the discharge thereof without such production.   This section contains other provisions with respect to the discharge of a mortgage where the mortgagee refuses to give a satisfaction, as well as for the cancellation of a mortgage which has been fully paid, but not satisfied of record, and, in addition, prescribes the mode of procedure for the obtaining of the order dispensing with the production of the mortgage to the recording officer when the satisfaction piece is presented.   The appellant pursued the prescribed practice and set forth his inability to produce the mortgage because of its loss, and that the owner of the property was under contract to convey it free and clear of incumbrances and desired to pay the same, and asked that an order be made permitting its discharge upon production of the satisfaction piece without the production of the mortgage.   The learned court at Special Term denied his application, on the ground that it appeared the mortgage had not been paid.

We think this is an erroneous view of the statute.   The provision requiring the production of a mortgage on its being satisfied, and the retaining of it on file for the term of ten years therefrom, in a community like the county of New York, where such a large number of mortgages exist, is a wise one for preventing subsequent fraudulent negotiations of mortgages which have been paid.   While the language of the section is not as clear as it might be, it is perfectly plain that it provides a means whereby a mortgagee may properly satisfy of record a mortgage which he is unable to produce because of its loss or destruction.   In case of loss or destruction, the mortgagee could give a satisfaction piece; but it would be ineffectual to discharge the mortgage of record unless he could also deliver with it the mortgage itself.   Anticipating that such a situation might arise, the Legislature prescribed that he might apply to the court, setting forth the loss and the reasons why he was unable to produce the mortgage, and if those reasons were satisfactory the court was given power to order the mortgage canceled upon production of the satisfaction piece alone, without the delivery of the mortgage itself to the recording officer. Without this provision a mortgagee whose mortgage had been lost or destroyed might not be able to receive payment, for the owner would be justified in refusing to pay over his money on the satisfaction piece alone, unless it was accompanied by either the mortgage or an order dispensing with its production.   There do not seem to be any suspicious circumstances connected with the appellants' application, and so far as appears everybody connected with the property understands that appellants are owners of the mortgage, and that it is proper for the owners of the property to pay the amount to them upon their giving a discharge.

The order appealed from should be reversed, and the application granted, directing the recording officer to discharge the mortgage upon production of a certificate of satisfaction, and dispensing with the production and delivery of the mortgage itself. A public officer, acting within what he deems to have been his duty, is the nominal respondent, and under the circumstances no costs of this appeal should be granted. All concur.