EMILIE WELLBROCK, Respondent, *v.* JOHN HAAS, Appellant.

(Supreme Court, Appellate Term, Second Department, December, 1921.)

Mortgages — satisfaction of — cities of the first class — lost document — legal services — where neither the original mortgage nor order dispensing with its production is presented, owner may recover from holder of mortgage value of attorney's services in procuring order — Real Property Law, § 322.

The owner of mortgaged premises, upon payment to the attorney of the assignee of the mortgage of the balance due thereon, demanded a satisfaction piece and the original bond and mortgage which upon the assignment thereof had not been delivered to the assignee but were thereafter accidentally destroyed. The attorney for the assignee accepted the payment and gave a receipt which *inter alia* stated that the original papers and satisfaction piece duly executed were to be procured from the assignee and delivered to the mortgagor. The mortgagee, though he did execute a satisfaction piece and delivered it to the attorney of the owner of the premises, failed to obtain an order dispensing with the production of the original mortgage, so that it might be discharged of record. *Held,* that the case being one in which section 322 of the Real Property Law applied, the owner of the premises was entitled to recover of the assignee of the mortgage the agreed value of an attorney's services in procuring such an order and a judgment for that amount will be affirmed.

*Matter of Black,* 150 App. Div. 532, distinguished.

DEFENDANT appeals from a judgment rendered in the Municipal Court of the city of New York, borough of Queens, third district, for fifty dollars in favor of the plaintiff.

Charles Oechler, for appellant.

William H. O'Hare, for respondent.

KELBY, J. The case was submitted upon the following agreed facts: The plaintiff Wellbrock was the owner in fee of certain premises, at Glendale, L. I., and the defendant was the owner of a mortgage thereon. In 1910, the then owner of the premises made a mortgage to one Henry Hohsfeld, and wife, to secure the payment of $2,500. December 7, 1912, the said bond and mortgage were assigned to the defendant John Haas, and for some reason or other the original bond and mortgage were not delivered to Haas, and were thereafter accidentally destroyed. On October 3, 1916, the defendant Haas released all the premises covered by the mortgage except the lot which thereafter became the property of the plaintiff. The plaintiff received all notices of due dates from, and made all payments of interest to Charles Oechler, as attorney for John Haas. In August, 1920, the defendant John Haas duly demanded payment of the mortgage, which was long past due. On September 3, 1920, the plaintiff paid the balance due on said mortgage to Charles Oechler, as attorney for Haas, and demanded a satisfaction piece and the original bond and mortgage. Oechler being unable to deliver the papers at that time, accepted payment and delivered a receipt. Among other things the receipt states that the original papers and satisfaction piece duly executed and acknowledged are to be procured from Mr. Haas and delivered to Mrs. Emilie Wellbrock. On November 3, 1920, Oechler wrote to the plaintiff stating that the original bond and mortgage could not be located, and that it would be necessary for the plaintiff to get an order from the court to cancel the mortgage of record; that he would have Mr. Haas sign a satisfaction piece, but this could not be recorded without the original mortgage, and suggested that the plaintiff communi-

Appellate Term, Second Department, December, 1921. [Vol. 117.

cate further with him. Immediately upon receipt of this letter the plaintiff demanded of the defendant that he procure the order dispensing with the production of the original mortgage, and notified him that in default thereof, she would retain counsel to do so, at his (the defendant's) expense. The defendant duly offered to execute a satisfaction piece and did execute a satisfaction piece and delivered the same to plaintiff's attorney; and this satisfaction piece, drawn by the attorney for the defendant and executed and duly acknowledged by the defendant without cost and expense to the plaintiff, was used to satisfy the mortgage of record. The defendant was also ready and willing to execute any and all affidavits which he could make in order to obtain the discharge of the mortgage of record, and did make, execute and deliver, without cost to the plaintiff, the affidavit signed by the defendant attached to the papers and stipulation. Defendant failed to obtain the order dispensing with the production of the mortgage and plaintiff thereupon retained counsel who did procure the order. It was agreed that the value of the services rendered was fifty dollars. The question submitted to the court for decision was: "Is the defendant as a matter of law liable for the legal services of the plaintiff in obtaining the order for the discharge of the mortgage?"

No cases directly in point are cited by either counsel. In the case of *Krulder* v. *Hillman,* 57 Misc. Rep. 209, which was an action in equity, the court held that " Where a mortgagor, upon payment of the mortgage, presents a drawn satisfaction piece, the mortgagee, upon tender to him of twenty-five cents, the fee allowed by law for taking his acknowledgment, is legally bound to sign and acknowledge the satisfaction piece on request and deliver up the bond and

mortgage. The mortgagee, after payment of the mortgage debt, has no right to refuse to deliver a bond and mortgage unless the mortgagor pays him $2.50 for preparing and executing his own satisfaction piece."

The rule still obtains that the cost of the satisfaction piece and its execution is on the debtor, but that is really a matter of contract between the parties. Here, however, there is an intervening cause, namely, the failure of the assignee of the mortgage to get possession of the mortgage and with no fault at all on the part of the mortgagor.

Section 322 of the Real Property Law (formerly section 270a) provides that in counties wholly embraced in cities of the first class no mortgage shall be discharged of record, unless, in addition to the satisfaction piece required by section 321, there shall be presented to the recording officer for cancellation the original mortgage, or a certified copy of an order made and entered as provided in section 322. It is further provided in this section that " any person having any interest in securing the discharge of the same may apply to the supreme court or the county court in or of the county in which the property affected by the mortgage * * * is situated, upon a petition duly verified * * * showing the loss, mutilation or destruction of the mortgage, * * * or the impossibility of producing said mortgage, * * * for an order dispensing with the production of the said mortgage and directing the discharge thereof."

In the case of *Matter of Leckie,* 131 App. Div. 816, it appeared that Leckie was the mortgagee of certain real property in the city of New York, and that the mortgagee had lost the mortgage after it had been placed on record. The mortgagee was the petitioner and showed his inability to produce the mortgage,

22

that the owner of the property was under contract to convey it free and clear of encumbrances, and that the owner desired to pay the mortgage, and the petition prayed for an order permitting the mortgage to be discharged of record upon the production of the satisfaction piece, without the production of the mortgage; and seeking to get an order dispensing with the production of the original mortgage. The register of the county of New York resisted the application on the ground that it did not appear that the mortgage had already been paid, and the court at Special Term denied the application on the ground of non-payment only. On appeal to the Appellate Division that court said: "While the language of the section is not as clear as it might be, it is perfectly plain that it provides a means whereby a mortgagee may properly satisfy of record a mortgage which he is unable to produce because of its loss or destruction. * * * Anticipating that such a situation might arise the Legislature prescribed that he might apply to the court, setting forth the loss * * *, and if those reasons were satisfactory the court was given power to order the mortgage canceled * * *. Without this provision a mortgagee whose mortgage had been lost or destroyed might not be able to receive payment, for the owner would be justified in refusing to pay over his money on the satisfaction piece alone, unless it was accompanied by either the mortgage or an order dispensing with its production."

If, as said by the court in the last quoted case, the owner would be justified in refusing to pay over his money on tender of the satisfaction piece alone, unless it was accompanied either by the mortgage or by an order dispensing with its production, it would seem that equity and good conscience demand that the mortgagee in this case, who had either lost the

mortgage or failed to receive it, should pay the reasonable cost of obtaining the order for dispensing with the production of the original mortgage.

The case of *Matter of Black,* 150 App. Div. 532, cited by the appellant, is not in point. That case held merely that a person having an interest in procuring the discharge of a mortgage, which had been lost, should, upon proof of the facts, apply under section 322 of the Real Property Law for an order dispensing with the production of the original mortgage, and should not proceed under section 333 of said law, which latter section applies only to cases of wilful neglect or refusal to produce the original mortgage. In that case, the mortgagor, well knowing that the mortgage had been destroyed by fire and knowing the inability of the mortgagee to produce the mortgage, tendered payment of the mortgage and coupled his tender of payment with the condition that the original mortgage be delivered to him simultaneously with the payment. In the course of this opinion the court took to task the technical position of both parties to the controversy, and some of the words of this criticism are now used by the appellant as alleged authority for his position.

The judgment appealed from should be affirmed, with twenty-five dollars costs.

CROPSEY and LAZANSKY, JJ., concur.

Judgment affirmed.