In the Matter of the Petition of SAMUEL KATZOWITZ, Appellant, for the Discharge of a Certain Mortgage.

ARTHUR CASTON, Respondent.

Third Department, November 20, 1925.

Mortgages — real property mortgage — proceeding under **Real Property Law, § 333,** to procure discharge of mortgage — petitioner cannot proceed under said section where he alleges payment in full two and one-half years before demand for satisfaction piece.

A mortgagor or one interested in mortgaged premises cannot maintain a proceeding, under section 333 of the Real Property Law, to procure the discharge of a mortgage, except under the special conditions outlined in that section, which are that the payment of the entire balance due upon a mortgage is presently tendered, together with a proper satisfaction piece for execution and a lawful fee for its acknowledgment, and that a satisfaction of the mortgage is then demanded and refused.

Accordingly, the petitioner, who contends that a mortgage executed by a prior owner was fully paid two and one-half years before a demand was made on the mortgagee to execute a satisfaction piece, cannot maintain this proceeding under section 333 of the Real Property Law.

APPEAL by the petitioner, Samuel Katzowitz, from an order of the County Court of the county of Sullivan, entered in the office of the clerk of said county on the 18th day of June, 1925, dismissing the petition on the merits in this proceeding brought to discharge a mortgage under section 333 of the Real Property Law (as added by Laws of 1911, chap. 574).

*Joseph Kooperman,* for the appellant.

*John D. Lyons* [*Nellie Childs Smith* of counsel], for the respondent.

HINMAN, J.:

The respondent, Arthur Caston, became the owner of a half interest in a bond and mortgage given to secure the principal sum of $400, which was due and payable August 15, 1922. These instruments were executed by Jacob Peters. When they became due Peters obtained a satisfaction of the same from the owners of the other one-half interest. He also went to the home of Arthur Caston at that time and now claims that Caston was paid in full for his share with interest. He received, however, no satisfaction piece from Caston and he did not at that time present to Caston a satisfaction piece for him to execute. He claims that Caston delivered to him the bond and mortgage and a receipt for $212, the balance due with interest. In September, 1922, Peters executed another mortgage on the same premises. This latter mortgage was foreclosed in 1924 and in December, 1924, the petitioner herein

purchased the premises at foreclosure sale. Peters then turned over to the petitioner the papers in his possession including the first bond and mortgage and receipt, obtained from Caston. Demand was made upon Caston for a satisfaction piece which was refused on the ground that Peters had not paid him $212 in August, 1922, but only $112, leaving a balance unpaid. The sole issue between the parties is whether the mortgage has been fully paid.

The petitioner has brought a proceeding to determine that issue under the special provisions of section 333 of the Real Property Law (as added by Laws of 1911, chap. 574), which provides: " Upon the request of the mortgagor or of any other person interested in the mortgaged premises made at any time that payment thereof is entitled to be made and upon presentation of a satisfaction piece certifying that the mortgage has been paid or otherwise satisfied and discharged and consenting that it be discharged of record, and upon tender of payment of the sum or sums due as principal and interest upon the mortgage or upon the debt or obligation secured thereby, together with the fees allowed by law for taking the acknowledgment of a deed, a mortgagee of real property situate in this State, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, such satisfaction piece, and thereupon deliver the same and the mortgage to the person making such tender of payment as aforesaid." If the mortgagee fail or refuse to so comply, a special proceeding to compel cancellation of said mortgage and debt may be taken.

A special proceeding is provided in the above section of the statute to meet a particular set of facts set forth therein. Giving to the language used its full meaning, we think it is clear that the statute under which this proceeding was brought was to cover only cases (1) where payment of the entire balance due upon a mortgage is presently tendered, together with proper satisfaction piece for execution, together with the lawful fee for its acknowledgment, and where, at the time tender is made, a satisfaction of the mortgage is demanded and is refused, or (2) where an actual tender cannot with due diligence be made within this State. Here the petitioner does not claim tender but payment. The statute confines its availability expressly to " any time that payment thereof is entitled to be made." We may assume, as petitioner contends, that payment of this mortgage was actually made on August 15, 1922, the date of the maturity of the obligation. Over two and a half years later the party interested demanded the satisfaction piece. The mortgagor who made the payment without requiring the satisfaction piece, was contented to rely upon the delivery to him of the bond and mortgage and a mere receipt for his payment.

He did not even present a satisfaction piece. The presentation of such a satisfaction piece over two and a half years after payment does not bring the case within the statute. The word "tender" is commonly understood to mean a mere offer to deliver something due. It is no longer a tender when the payment has actually been made. This proceeding is not available to the petitioner because it contemplates a situation where the amount due is presently tendered, not where it has been paid. The remedy of the petitioner is by suit in equity for cancellation of the mortgage.

The County Court has held that full payment was not made as alleged and has dismissed on the merits. We express no opinion on the merits of the controversy.

The order should be reversed and the proceeding dismissed solely for the reason expressed in this opinion. The costs are discretionary and we think the proceeding should be dismissed, without costs.

All concur.

Order reversed on the law and proceeding dismissed, without costs.