William E. Brenhan, Jr., J.
On or about March 22, 1955, the petitioners in this proceeding delivered to John Cairns their *146 bond and mortgage in the sum of $5,000. The indebtedness was to be liquidated by payments of monthly installments of $60 (or more) commencing April 1, 1955, to be applied to the payment of interest and then to the reduction of principal. The mortgage contained a provision: ‘ ‘ that in the event of the death of the mortgagee prior to the payment in full of the unpaid principal balance, this mortgage shall become null and void, and of no force or effect, and the Clerk of the County of Nassau is hereby authorized and instructed to mark this mortgage cancelled of record upon proof to him of the death of the mortgagee.”
Cairns died on October 25, 1959, at which time the unpaid principal balance due on the mortgage was $2,282.92 with interest from October 1,1959.
This is an application pursuant to section 333-b of the Beal Property Law (“ Discharge of mortgage ”) for an order directing cancellation and discharge of the mortgage of record. The respondents are the County Clerk and the executor under the last will of Cairns. It appears that the latter has filed bis account as executor and that by citation issued out of the Surrogate’s Court and returnable on February 28, the petitioners have been required to show cause why the unpaid balance due on the foregoing bond and mortgage should not be collected or offset against legacies made to the petitioners by the will.
The petition is dismissed.
Section 333-b (subd. 1) permits a summary application such as this “ at the time that payment [of the mortgage] is entitled to be made, or at any time after payment thereof has actually been made ”. It is strictly construed (Matter of Katzowitz, 214 App. Div. 429). It requires a showing of willful, unjustifiable refusal on the part of the mortgagee to satisfy the mortgage (Matter of O’Connell, 8 Misc 2d 367, 369; Matter of Lyons, 276 App. Div. 1086), In the instant situation the petitioners neither claim nor establish payment of the mortgage; their claim to a discharge of record depends, instead, upon the occurrence of a condition requiring discharge of the mortgage prior to full payment. They are, therefore, not within the ambit of the summary statutory procedure. Moreover, it is not clear that the executor-respondent has been arbitrary. His contentions may have merits that require determination in a plenary suit or proceeding (cf. plenary suits in Gescheidt v. Drier, 17 N. Y. S. 741, affd. 142 N. Y. 651; Love v. Tames, 135 N. Y. S. 2d 609) and he has invoked the processes of the Surrogate’s Court to resolve them.