Abraham N. Geller, J.
Upon reconsideration of this application made pursuant to section 322 of the Beal Property Law to dispense with the production of the original mortgage and to direct its discharge, while the court finds that respondent is entitled to an evidentiary showing on the issue of the ‘ ‘ forgiveness ” provision, it is required to hold that determination of such an issue is outside the scope of the summary proceeding provided by that section.
The application herein is based upon a provision in the mortgage that the balance due at the time of death of the mortgagee shall, if mortgagor is not then in default, be forgiven. Though such a provision is to be viewed as part of a contractual obligation rather than as a testamentary disposition, the executors of the estate of deceased mortgagee have a right to question its validity on factual and legal grounds and to request that proof be presented at a hearing or trial held for that purpose. Such right to question its validity is particularly entitled to protection in view of the circumstances here as to decedent’s incompetency for some period of time prior to death and as to the alleged lack of any blood or close relationship between him and the mortgagor.
But, in any event, the situation here involved is not within the ambit of the summary procedure provided by section 322. That proceeding assumes that no question exists with respect to the payment of the mortgage having been made or tendered in full. It is intended merely to take care of the problem of dispensing with the production to the Begister of the original mortgage, where it has been lost, mutilated or destroyed or where for any reason its production is rendered impossible or is refused by the person having it .in his possession. Its purpose is to prevent subsequent fraudulent negotiation of mortgages which have been paid (Matter of Leckie, 131 App. Div. 816).
Section 321 of the Beal Property Law provides that a mortgage must be discharged upon the record when there is presented a proper .satisfaction piece. Section 322, applicable only to the counties embraced in the City of New York, then provides that no mortgage shall be discharged of record in said counties, unless “ in addition to the certificate provided and required by the preceding section,” there shall be presented “ for cancella *497 tion the original mortgage, or a certified copy of an order made and entered as hereinafter provided.” While, on the return day, the court shall inquire, as it deems advisable, into the truth of the facts set out in the petition, it is clear that such inquiry was not intended to encompass a situation where payment of the mortgage had not been made or tendered or was being then tendered for deposit.
Where a mortgage has not been paid in full but the mortgagor seeks to invoke a forgiveness provision therein, the issue cannot be determined in this summary proceeding but requires a plenary action or proceeding. In Matter of Clark (33 Misc 2d 145) the court held that in an analogous summary proceeding for discharge of mortgage under section 333-ib of the Real Property Law (now Real Property Actions and Proceedings Law, § 1921), the claim based upon a similar forgiveness provision could not be determined under the summary statutory procedure but only by plenary suit or proceeding to resolve the issue and establish petitioner’s right to the relief requested.
This application made pursuant to section 322 cannot therefore be entertained and is denied without prejudice to plenary action or proceeding.