# SUPREME COURT,

## STATE OF KANSAS.

## JULY TERM, 1910.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER, } Justices.
Hon. CHARLES B. GRAVES,
Hon. ALFRED W. BENSON,

ELLA M. POWERS, *Appellant,* v. NORA SUMBLER, *Appellee.*

No. 16,072.

### SYLLABUS BY THE COURT.

1. ABATEMENT OF ACTION—*Death of a Party.* Under section 421 of the old code (Code 1909, § 418), providing that no action pending in any court shall abate by the death of either or both of the parties thereto except certain actions therein named, an action by a wife for the alienation of her husband's affections does not abate by her death while the action is pending in the supreme court.

2. EVIDENCE—*Inspection or Copy of Documents—Demand—Order—Admissibility of Original.* Where the defendant, proceeding under section 369 of the old code (Code 1909, § 366), demands of the plaintiff an inspection and permission to make copies of certain letters which the plaintiff intends to offer in evidence at the trial, no order of the court is necessary requiring the plaintiff to comply with such demand; and where the demand is not complied with no error is committed in sustaining an objection to the admission in evidence of the original of which a copy has been refused.

1—83 KAN.

3. ALIENATION OF AFFECTIONS—*Grounds for Action.* In an action by the wife against a stranger to recover damages for the alienation of the affections of her husband the court correctly charged that in order for the plaintiff to recover it was necessary to show that it was the efforts of the defendant which were the controlling cause that destroyed the affection which the plaintiff's husband had for her and caused their separation, and that the acts of the defendant were done knowingly and intentionally, for the purpose of alienating the husband's affections.

4. —— *Defendant Must Have Acted Knowingly and Intentionally.* In an action by the wife against a stranger to recover for alienation of the affections of her husband an instruction which omits the qualification that the defendant must have acted knowingly and intentionally was properly refused.

5. —— *Adultery—Pleadings—Instructions.* In such an action, where there is no averment in the petition charging adultery, either as one of the means of alienation or as a basis for damages, an instruction was properly refused which charged that if the defendant was in no way responsible for the alienation of the affections of the husband, yet if the jury believed that the defendant committed adultery with the husband while the plaintiff and her husband were living together as husband and wife they should find for the plaintiff.

Appeal from Republic district court. Opinion filed July 9, 1910. Affirmed.

*Hugh Alexander,* and *N. J. Ward,* for the appellant.
*B. T. Bullen,* and *W. D. Vance,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: Ella M. Powers sued the defendant for damages for the alienation of her husband's affections. There was a trial by a jury and a verdict and judgment in favor of the defendant. While the action was pending here on appeal the plaintiff died, and the action has been revived in the name of her personal representatives. The defendant has filed a motion to dismiss on the ground that the action, being in tort, is not one which survives. The motion to dismiss must be

denied.   The code provision which controls reads in part:

"No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution for a nuisance, or against a justice of the peace for misconduct in office."   (Civ. Code, § 421, Gen. Stat. 1901, § 4870, Code 1909, § 418.)

There is a claim that the action survives because it is "for an injury to the person," within the meaning of section 420 of the old code (Code 1909, § 417), providing that in addition to the causes of action which survive at common law those "for an injury to the person" survive, but this contention can not be sustained, for the reason that the language used in that section refers to physical injuries.   The cause of action survives, however, under the provisions of section 418 of the code of 1909, because it was pending in court at the time of the death of the plaintiff.   The only actions which abate by the death of either or both of the parties when the action is pending are those which are specifically mentioned in section 418.

During the progress of the trial the plaintiff offered in evidence a letter or fragment of a letter which she claimed was written by the defendant to the plaintiff's husband.   She testified that she found the paper in her husband's suit case, and that she knew it to be in the handwriting of the defendant.   It was not addressed to any person nor signed by anyone, and the trial judge stated that he was unable to read it intelligently.   The objection to its introduction was sustained partly on that ground and partly on the ground that the plaintiff had failed to comply with a demand made by the defendant before the trial for an inspection and permission to make copies of any letters or other written communications which purported to have been written by the defendant to the plaintiff's husband.   The notice was a formal one, obviously given under the provisions

of section 369 of the old code (Code 1909, § 366), which reads as follows:

"Either party or his attorney if required shall deliver to the other party or his attorney a copy of any deed, instrument or other writing whereon the action or defense is founded, or which he intends to offer in evidence at the trial. If the plaintiff or defendant shall refuse to furnish the copy or copies required, the party so refusing shall not be permitted to give in evidence at the trial the original of which a copy has been refused."

The plaintiff claims that it was error to exclude the evidence, because no order was obtained from the court or judge requiring compliance by the plaintiff with the demand. Where the party desiring the inspection of a paper or permission to take a copy proceeds under section 368 of the old code (Code 1909, § 365) and obtains an order of the court requiring compliance with the demand the trial court or judge may, upon refusal to produce, exclude the paper or document from being given in evidence, or, if the party applying for the order desires to use it as evidence, may direct the jury to presume it to be such as the party applying for the order by affidavit alleges it to be. The procedure in this case was not under that section, but under the section following, and the evidence was not admissible because of the failure of the plaintiff to comply with the demand, which in every respect followed the statute and was sufficiently definite and certain.

The plaintiff asked an instruction to the effect that it was unnecessary to find that the alleged misconduct of the defendant was the sole cause of the plaintiff's husband leaving her, but that it would be sufficient if the jury believed from the evidence that the defendant's acts and conduct constituted one of the causes. This instruction does not state the law correctly. It omits the qualification that the defendant must have acted intentionally or knowingly. (*Nevins v. Nevins,* 68 Kan. 410; 3 Ell. Ev. §§ 1643, 1644.) In the Nevins

case the action was against a parent, and it is contended that a different rule obtains where the action is against a stranger. The difference, however, is only that which arises from the natural presumptions indulged in favor of a parent. It is well established that to recover in such an action against a parent stronger evidence of improper motives is required than where the action is against a stranger, because parents have the natural right to manifest affection and give advice and protection to a child, unless they act with malice or improper motives which amount to malice. (*Eagon v. Eagon,* 60 Kan. 697, 705; *Brown v. Brown,* 124 N. C. 19; *Reed v. Reed,* 6 Ind. App. 317; *Clow v. Chapman,* 125 Mo. 101; 15 A. & E. Encycl. of L. 866.)

In his work on Evidence Mr. Elliott says:

"In actions against parents of either the husband or wife of the plaintiff, a much stronger rule prevails concerning the burden of proof, and plaintiff must not only show improper motives of the parent, but that the alienation was, in a sense, maliciously brought about. Where the action is against a stranger, the plaintiff need only show that it was wrongfully brought about." (3 Ell. Ev. § 1643.)

Besides, the court correctly charged the jury that in order for the plaintiff to recover it was necessary to show that it was the efforts of the defendant which were the controlling cause that destroyed the affection which the plaintiff's husband had for her and caused their separation, and that the acts of the defendant were done knowingly and intentionally, for the purpose of alienating the husband's affections.

Another instruction asked by the plaintiff and refused was that, even if the defendant was in no way responsible for the alienation of the affections of the plaintiff's husband, yet if the jury believed that the defendant committed adultery with the husband while the plaintiff and her husband were living together and consorting as husband and wife they should find for the plaintiff. It is sufficient answer to this complaint

of error that the petition nowhere alleges adultery, and the instruction was therefore properly refused. It is true, the word "seduce" is used in the petition, but it is used synonymously with the words "entice" or "influence," the language being that the defendant "wrongfully, wickedly and maliciously, and for the purpose of separating plaintiff's husband from her and depriving plaintiff of all her rights," began and pursued a systematic course of conduct "to seduce, entice and influence plaintiff's said husband to leave and abandon" the plaintiff. From the context it is obvious that "seduce" was employed as a word synonymous with "entice" or "influence."

Adultery is not charged in the petition, either as one of the means of alienation or as a basis for damages. In this class of cases some courts have ruled that evidence of adultery is not admissible in the absence of an averment in the petition. In a recent case (*Scott v. O'Brien* [Ky. 1908], 130 Am. St. Rep. 419, 110 S. W. 260) the court of appeals of Kentucky held that there is no ground for an action on the mere proof of abandonment and that the husband or wife maintains improper relations with the defendant, in the absence of any proof to show that the defendant wrongfully alienated the affections of the plaintiff. In that case, as in this, the wife sued another woman for alienating the affections of the husband, and the action was not based on adultery.

We find no error in the instructions nor in the admission of testimony. The cross-examination of the defendant's witnesses was not unduly restricted. They admitted in answer to numerous other questions that they were friendly to the defendant and unfriendly to the plaintiff. Upon a conflict of testimony the jury found for the defendant, and upon the record the judgment must be affirmed.