[No. 3461.   April 4, 1930.]

FRAMPTON v. SANTA FE NORTHWESTERN RY. CO.

[287 Pac. 694.]

O. A. Larrazolo and H. O. Waggoner, both of Albuquerque, for appellant.

Raymond R. Ryan, of Albuquerque, for appellee.

OPINION OF THE COURT

SIMMS, J.

On November 23, 1925, David Frampton was killed while riding on the appellee's log train, either as a passenger, permittee, or trespasser. He left a widow and three minor children. Within six months the widow brought suit for $5,000 under section 1820 of the Code of 1915 (Comp. 1929, § 36-101). From a judgment in favor of the company she appealed to this court, and, pending her appeal, died. The minor children, by their next friend, suggest her death, and move to revive in their names, while the company moves to dismiss on the ground that the right of action did not survive the widow's death. Both motions can be disposed of together.

So much of section 1820, Code of 1915 (Comp. 1929, § 36—101), as is material, reads as follows:

"Whenever any person shall die from any injury resulting from, or occasioned by the negligence * * * of any officer, agent, servant or employee, whilst running * * * any locomotive * * * or train of cars * * * and when any passenger shall die from any injury resulting from * * * any defect or insufficiency in any railroad * * * locomotive or car * * * the corporation * * * shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars, which may be sued and recovered; First, by the husband or wife of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother. * * *"

The provisions of the statute clearly do not confer a collective right of action in favor of the surviving widow and the minor children, but the right is in the alternative, and, when the widow brought suit within six months, as

she did in this case, the right of action became absolutely vested in her. Chicago, B. & Q. R. Co. v. Wells-Dickey Trust Co., 275 U. S. 161, 48 S. Ct. 73, 72 L. Ed. 216, 59 A. L. R. 758; Hammond v. Lewiston, A. & W. St. Ry., 106 Me. 209, 76 A. 672, 30 L. R. A. (N. S.) 78; Tiffany "Death by Wrongful Act" (2d Ed.) par. 87; Corpus Juris, "Death," p. 1215, note 33.

██ It remains to inquire whether the cause of action survived the death of the beneficiary. The statute giving the right of action is silent on the question. There are cases holding that the death of the beneficiary terminates the cause of action. But the statutes regulating the matter of survivorship are not the same as our own. Comp. 1929, §§ 105—1202, 105—1203 (sections 4264, 4265, Code 1915) read as follows:

"105—1202. *What Causes of Action Survive.* In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive, and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

"105—1203. *What Actions Abate.* No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of the defendant."

At first glance it might seem that it was the intention of the Legislature to distinguish between causes of action, as substantive rights, and actions pending considered in their remedial or procedural aspect only, but we think that, on more careful examination, it will be found that the real distinction between the two sections is that the former deals with causes not in suit at the time of the death of a party plaintiff or defendant, and that the latter covers causes which have been sued on before death of a party intervenes. It would be absurd to say that under the former section a given cause does not survive, while under the latter the suit to enforce that cause shall not abate. Under such a construction of the law we might have a suit which did not abate but which could not go to judgment because the cause itself did not survive, but was dead.

We have not overlooked certain difficulties attending
the construction of our statute from which the sections
quoted are taken. It is chapter 5, Laws of 1884, and com-
prises sections 1202 to 1218, inclusive, of chapter 105,
Compilation of 1929 (sections 4264-4280, Code 1915).
There are references to "causes of action which survive"
in several of the other sections which deal with death of
a party, and the inference might well be drawn that only
the causes named in section 105—1202 (sec. 4264, Code
1915) have the quality of survivorship. The Supreme
Court of Oklahoma, construing the same statute, has said
in City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724, 51
L. R. A. (N. S.) 672, Ann. Cas. 1915C, 290, that such
is the proper construction, and has denied that section 105
—1203 (section 4265, Code 1915) is intended to prevent
the abatement of an action where the cause itself has not
survived. But Oklahoma took the statute, as we did,
almost verbatim from Kansas. The Supreme Court of
that state, in Powers v. Sumbler, 83 Kan. 1, 110 P. 97,
has held that a suit for alineation of a husband's affections
did not abate by death of the wife, who was plaintiff. It
held that, although the cause of action was not one which
was enumerated as having survivability by the first section
of the statute, yet it was in suit when the plaintiff died,
and therefore the statute gave to it the quality of sur-
vivability for that reason. While this decision came in
1910, long after we adopted this statute, it is at least per-
suasive as to its proper construction. For some reason,
the Oklahoma court failed to mention the Powers Case
while discussing the question in City of Shawnee v. Cheek,
supra. The Kansas case well illustrates the reasonableness
of the construction adopted. Since a cause of action for
alienation of affections was not one which survived at
common law, nor one given the quality of survivability by
the first section of the statute, if the wife desired not to
put such a matter in suit, and preferred to avoid the
humiliation and notoriety attending such cases, after her
death her representative could not bring the action and
thus open up a matter which his decedent wished to con-
ceal or suppress. But, if the wife elected to bring the
suit, and thus to cast the die, the action, being one pending
at her death, did not abate, and must necessarily have con-

tinued and survived for the benefit of her estate. It would seem to be consistent with common sense to permit a living man to exercise the most unlimited choice as to what causes of action he would enter suit upon and thereby transmit to his representative, if he should die, pending litigation, while denying to the representative the right (and perhaps the duty) to start action upon any cause except those specifically enumerated in the statute.

We therefore conclude, as did the Kansas court, that the death of a plaintiff pendente lite has no effect upon the cause of action nor the proceedings to enforce it, except to require a representative or the heirs to be substituted, as the case might be, depending upon whether the cause in suit descends to the estate or to the heirs. In the present case, the cause of action is the property of the beneficiary's estate, and the personal representatives of Ocariz Frampton is the only proper party to continue the action. The minor children have no standing as litigants.

It follows that the motion of the minor children, by their next friend, to be allowed to be substituted as parties plaintiff, as well as the motion of the defendant railroad company to dismiss, should both be denied, and it is so ordered.

BICKLEY, C. J., and WATSON, PARKER, and CATRON, JJ., concur.