No. 39,078

W. C. SMITH, *Appellant*, v. DODGE CITY RENDERING COMPANY, a corporation; MARYLAND CASUALTY COMPANY, a corporation; MRS. TRINIDAD VALESQUEZ BYAS, *Appellees*.

(263 P. 2d 237)

Opinion filed November 7, 1953.

*Ronald N. Kaarbo*, of Liberal, argued the cause; *Richard A. Hickey* and *Rex Allan Neubauer*, both of Liberal; and *Collis R. Harner*, of Dodge City, were with him on the briefs for the appellant.

*William P. Thompson*, of Wichita, argued the cause; *Bill Wood* and *Maxine Wood*, both of Liberal; and *A. W. Hershberger, J. B. Patterson, Richard Jones, H. E. Jones* and *Jerome E. Jones*, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for property damages alleged to have been sustained when a truck operated in the business of one of defendants collided with a truck and trailer owned by plaintiff. The appeal is from an order sustaining the demurrer to the petition of one of defendants.

The petition alleged that the Dodge City Rendering Company owned a truck licensed as a private carrier under a certificate of convenience and necessity issued to it by the corporation commission; that the Maryland Casualty Company issued its policy to the Dodge City Rendering Company binding itself to pay for compensation

for injuries to persons or property resulting from the negligent operation of the truck. The petition then alleged that defendant, Mrs. Trinidad Valesquez Byas, was the personal representative, widow and next of kin of Arthur Byas, deceased; that there had been no administration of the estate of Arthur Byas; that no legal representative had been appointed for him and Mrs. Trinidad Valesquez Byas was a proper person in the action.

The petition then alleged that the truck owned by the Dodge City Rendering Company covered with a policy issued by defendant insurance company and being driven by Arthur Byas collided with plaintiff's truck and trailer, which truck and trailer was damaged as the proximate result of the negligence of the driver of the Dodge City Rendering Company's truck, Arthur Byas.

The defendant, Mrs. Trinidad Valesquez Byas demurred to this petition on the ground that it disclosed on its face that the court had no jurisdiction of her or the subject of the action against the deceased, Arthur Byas.

The trial court sustained this demurrer and dismissed the action as to defendant, Mrs. Trinidad Valesquez Byas—hence this appeal.

The plaintiff argues the appeal here as though the question was whether an action may be maintained against the personal representative of a decedent's estate in the district court. He argues that such an action may be commenced in the district court rather than the probate court when there are other joint defendants who may be sued in the district court.

We find it unnecessary to decide that question. There is another reason which compels an affirmance of the judgment. The action was begun against Mrs. Trinidad Valesquez Byas in her own proper person. Nowhere in the petition is there any statement of negligence on her part. She had nothing to do with the operation of the truck. Under certain circumstances a cause of action might be pleaded against her husband's estate. It would be necessary to bring such an action against either the executor or administrator of that estate.

Plaintiff sought to avoid this rule by pleading that Mrs. Trinidad Valesquez Byas was the personal representative, widow and next of kin of Arthur Byas. In the next sentence, however, he pleaded that there had been no administration of his estate and no legal representative had been appointed for him. In his brief and oral argument counsel for plaintiff makes it clear that he does not regard

it as necessary that Trinidad Valesquez Byas should be the executrix or administratrix of Arthur's estate in order to be a party to an action against it.

This is not the law.

In *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188, we said:

"It needs no argument to sustain the view that when a person dies his individual capacity to respond in damages for his torts, to pay his debts, to carry out his contracts, and to distribute his estate ceases. Thereafter his financial obligations must be met by his estate. One who deems himself entitled to a part or all of such an estate, whether the right contended for is founded in tort, or upon oral or written contract, or under the will of the decedent, or under the statute of intestate succession, must recover, if at all, from the decedent's estate. . . ."

No authorities were cited to sustain this statement. The proposition is so fundamental that none were needed.

G. S. 1949, 59-705, provides in part:

"Administration of the estate of a person dying intestate shall be granted to one or more of the persons hereinafter mentioned, suitable and competent to discharge the trust, and in the following order: . . . If all such persons are incompetent or unsuitable, or do not accept, administration may be granted to one or more of the creditors, or to a nominee or nominees thereof. . . ."

It was the duty of plaintiff here if he thought he had a valid claim against the estate of Arthur Byas to ask the appointment of an administrator of such estate as a creditor. ( See *In re Estate of Dumback,* 154 Kan. 501, 119 P. 2d 476; also *Gantz v. Bondurant,* 159 Kan. 389, 155 P. 2d 450.)

Plaintiff argues that as against a demurrer, his allegation that Trinidad Valesquez Byas was the personal representative should be construed as though he had alleged that she was administratrix of his estate. The trouble with that argument is first, this action was against Trinidad Valesquez Byas in her own proper person and not as a personal representative and second, there is no confusion in our authorities as to the meaning of the term "personal representative" of a decedent. In *O'Neill v. Douthitt,* 40 Kan. 689, 20 Pac. 493, we held:

"A personal representative. This of course means an executor or administrator, and there is always a record in the probate judge's office, showing who are executors and administrators, and for whose estates they act."

(See, also, 33 C. J. S. 879, Para (3 b); also *Cox, Adm'r v. Kansas City,* 86 Kan. 298, 303, 304, 120 Pac. 553; and *Nicholson v. Nicholson,* 94 Kan. 153, 156, 146 Pac. 340.)

The judgment of the district court is affirmed.