Jacob J. Schwartzwald, J.
This is an application for an order under section 333-b of the Real Property Law to cancel and discharge a mortgage recorded in the office of the Register of Kings County.
The mortgage, recorded on October 20, 1919, recites the mortgagee as “Patrick Travers and Catherine Travers, his wife.” Patrick Travers died leaving a last will and testament which was duly probated on April 16, 1936, pursuant to which his wife Catherine Travers was appointed executrix of his estate and under which she was named as the sole legatee of all property “both real and personal of whatever kind whatsoever.” Five years later on May 3, 1941 Catherine Travers executed an assignment of the mortgage to her son James F. Travers. The assignment which was thereafter recorded reads, as far as pertinent herein, as follows: ‘ ‘ Know That Catherine Travers, widow of Patrick Travers * * * hereby assigns unto the assignee, a certain mortgage made by Daniel O’Connell and Ellen O’Connell, his wife, to Patrick Travers and Catherine Travers, his wife ”.
*368 The petitioner is now in the process of selling the property which is subject to the above mortgage. He has communicated with James F. Travers, the assignee of Catherine Travers and respondent herein that he desires to pay the outstanding indebtedness under the mortgage and was advised that the bond and mortgage and a satisfaction thereof would be given to him upon payment. Thereafter the petitioner was advised that the title company representing the prospective purchaser required an assignment of the mortgage from Catherine Travers, as executrix under the last will of Patrick Travers, in order to convey Patrick Travers’ interest in the mortgage. Since Catherine Travers died on October 22, 1946 petitioner accordingly requested that a person be appointed to represent the estate of Patrick Travers so that the satisfaction would be executed by a person having authority to convey the interest of Patrick Travers. In any event the respondent prepared a satisfaction of the mortgage which was tendered to the Register of Kings County. The latter refused to accept the same stating that he would require the recording of an assignment by the personal representative of Patrick Travers or would require that such personal representative join in the satisfaction piece. Respondent refuses to proceed with the appointment of a representative contending that there is no necessity therefor.
The question thus arises whether Catherine Travers, as executrix and sole legatee, could effectively pass title in her individual capacity without making a formal transfer of the bond and mortgage to herself. In First Trust & Deposit Co. v. Phoenix (84 N. Y. S. 2d 301, 303) a similar question arose. There the court, quoting from Matter of Mullon (145 N. Y. 98) reiterated that “ ‘ Upon payment of all debts, legacies and charges against the estate, the title to the remaining assets would at once vest in the residuary legatees under the will, without any formal transfer from themselves as administrators.’ ” A similar conclusion was arrived at in Matter of Kahn (45 N. Y. S. 2d 768). Each of the above-cited cases for its ultimate disposition relied upon the celebrated case of Blood v. Kane (130 N. Y. 514) wherein the court said at pages 517-518: “ The trust estate of a sole executor, who is also the sole devisee and legatee, is solely for the benefit of testator’s creditors and when they are paid the trust estate sinks into and is merged with the beneficial interest, and the sole devisee and legatee becomes vested with the legal title of all the testator’s estate * * *. ‘ Generally speaking, it is difficult to ascertain when the character of executor or administrator ceases, and thownership, independent of that character, commences. Every *369 case must depend on its own circumstances. This conclusion only is certain, that when the executor or administrator ceases to hold the estate in that character, he will hold the same in his own right, and it will be subject to merger. ’ ’ ’
Accordingly, it is my opinion that when Catherine Travers assigned to her son she assigned the entire bond and mortgage and that no other person is now necessary to join in the proper execution of the satisfaction of said bond and mortgage. Thus the application should be denied since a transfer under section 333-b of the Real Property Law cannot be resorted to unless it appears that the mortgagee’s refusal to satisfy the mortgage was willful (see Matter of Lyons [Hamilton Fed. Sav. & Loan Assn.], 276 App. Div. 1086).
It is noted, in passing, that the satisfaction submitted to the Register of Kings County containing the history of the chain of title does not indicate that Catherine Travers, in addition to being executrix of the will of Patrick Travers, was also his sole legatee and devisee. An amendment to that effect may avoid any future action open to the petitioner to compel the discharge of the mortgage. Submit order.