John D. Bennett, S.
The petition alleges that the estate of the decedent holds a forged and unpaid mortgage, unsatisfied of record on real property owned by the petitioner, who proposes to bring an action in the Supreme Court to remove such cloud on his title, and seeks the appointment of an administrator to appear in the proposed action on behalf of the estate.
Section 119 of the Surrogate’s Court Act provides: “A creditor or person * * * interested in an action brought or about to be brought in which the intestate, if living, would be a proper party * * * may present to the surrogate’s court having jurisdiction, a petition, praying for a decree awarding letters of administration, either to him, or to another person.”
The petitioner himself does not seek appointment in this capacity, and is not entitled to such appointment in the absence of a failure to qualify by those entitled to a preference to letters under section 118 of the Surrogate’s Court Act.
The petition recites the fact that the deceased is survived by his widow, Kathryn Picozzi, who opposes the granting of this petition.
The affidavit in opposition to the relief requested argues that the proposed action should be brought against the distributees of the decedent rather than an administrator appointed by this court.
This contention overlooks the essential nature of a mortgage. A mortgage is personal property (Flyer v. Sullivan, 284 App. Div. 697; Belfanc v. Belfanc, 252 App. Div. 453, affd. 278 N. Y. 563). An administrator of the decedent is a necessary party in an action involving the validity of the mortgage, since title to personal property vests in the personal representative, unlike title to real property which vests in the distributees in intestacy. In an action involving real property therefore, the necessary parties would be the distributees rather than the administrator (cf. Winter v. Kram, 3 A D 2d 175).
The determination made in Matter of O’Connell (8 Misc 2d 367) must be restricted to the facts peculiar to that case (see, also, Real Property Law, § 321, subd. 5, as amd. by L. 1958, ch. 257).
The court grants limited and restrictive letters of administration to the Public Administrator, unless any one of those entitled to letters of administration in the order set forth under section 118 of the Surrogate’s Court Act comes forward within 15 days *349 of the date of this decision and claims the right to such appointment (cf. Matter of McCullough, 172 Misc. 271; Matter of Abate, 107 N. Y. S. 2d 474; 2 Bradford Butler on New York Surrogate Law and Practice, § 1205).
The limited and restrictive letters of administration issued in accordance with this opinion will contain a provision limiting the administrator appointed to the defense of the proposed cause of action to be brought by petitioner and restraining such administrator from any other act until the further order of this court (Surrogate’s Ct. Act, § 89).
Settle order on five days’ notice.