No. 41,937

Edwin M. Curry, *Appellee,* v. John R. Kline, *Appellant.*

(353 P. 2d 508)

Opinion filed July 2, 1960.

*Kay K. Arvin,* of Wichita, argued the cause, and *Lester C. Arvin, Robert W. Johnson* and *Rodney H. Busey,* of Wichita, were with her on the briefs for the appellant.

No appearance was made by appellee.

The opinion of the court was delivered by

Fatzer, J.: Edwin M. Curry sued the defendant, John R. Kline, for damages for the alleged alienation of his wife's affections and sought damages in the amount of $250,000. The case reaches this court on the pleadings. The plaintiff filed a petition and following

a motion to make definite and certain a second amended petition was filed. The defendant's demurrer to that pleading upon the ground that it did not state facts sufficient to constitute a cause of action was overruled, and the defendant has appealed. The sole question presented is whether the second amended petition alleged a cause of action.

For reasons hereafter stated we conclude the district court erred in overruling the demurrer.

Much could be written on the subject of allegations necessary to state facts sufficient to constitute a cause of action against a stranger to recover damages for alienation of the affections of one's spouse. The authorities are repleat on the subject. The conclusion to be drawn is that "actions for damages for alienation of affection and for breach of promise of marriage have become so obnoxious to the public welfare that the legislatures of some states have abolished them." The quoted portion is the language of Mr. Justice Burch speaking for this court in *Roberts v. Dockstader*, 144 Kan. 384, 61 P. 2d 114. To the list of actions considered obnoxious to public welfare could be added that of criminal conversation (27 Am. Jur., Husband and Wife, § 535, p. 135).

It is unnecessary to relate the history of this type of action, but it is proper to point out that it came about through the common law, when the female sex was nurtured and defended. It was originally the theory of this type of action, and public policy defended it, that an aggrieved spouse suffered loss of service, and that in the alienation of a wife by a stranger, her services were rendered less valuable. However, it was not essential to recovery that there be proof of actual pecuniary loss, as the action was based upon the loss of consortium. See, *Adams v. Main*, 3 Ind. App. 232, 29 N. E. 792, 50 Am. St. Rep. 266. But, even under the common law, if there was no affection remaining which could be alienated by a stranger then there could be no cause of action for the alienation of the wife's affection (*Smith v. Rice*, 178 Iowa 673, 163 N. W. 6), the general rule being, as in all other actions, that one must suffer loss, in this case, marital affection, society, companionship and aid, in order to prevail.

Under the common law, this type of action was limited to an action by the husband alone. Later it was broadened by the Married Women's Acts to include a cause of action by the wife for the alienation of the husband's affection (27 Am. Jur., Husband

and Wife, § 522, p. 123). See, G. S. 1949, Ch. 23, Art. 2. Again, society changed and because of the movement of the female sex into the social and economic society, the action fell into such disrepute that state after state either outlawed or limited the cause of action and it became so confined that the acts alleged to have been committed by the defendant had to be pleaded and stated to be done knowingly and intentionally, for the purpose of alienating the spouse's affection, and, what is more important, it was essential to allege and prove they were the controlling cause of the alienation.

In *Roberts v. Dockstader,* supra, this court stated the remedy for alienation of affections still prevailed in this state, but subject only to the limitations set out in *Powers v. Sumbler,* 83 Kan. 1, 110 P. 97, where it was held:

"In an action by the wife against a stranger to recover damages for the alienation of the affections of her husband the court correctly charged that in order for the plaintiff to recover it was necessary to show that it was the efforts of the defendant which were the controlling cause that destroyed the affection which the plaintiff's husband had for her and caused their separation and that the acts of the defendant were done knowingly and intentionally, for the purpose of alienating the husband's affections." (Syl. ¶ 3.)

To enable a plaintiff to maintain an action of this nature it is necessary he allege and prove that the defendant was the active, controlling cause of the loss of the wife's love and affection and that the defendant exercised an improper, willful and malicious influence in derogation of the plaintiff's marital rights. The reason is obvious. Actions for alienation of affection have been subject to grave abuses and have been used as instruments for blackmail by unscrupulous persons for their unjust enrichment, due to the indefiniteness of the damages recoverable and the consequent fear of persons threatened with such actions that exorbitant damages might be assessed against them. The purpose for the rule is to stop the attempt by some to use the courts as a means to exact payment when the defendant's acts were not the real or controlling cause of the alienation. Regardless of what has heretofore been said and held concerning this type of action, the hard, practical realities of everyday life dictate that where a plaintiff has been the controlling cause of the alienation, or where the wife voluntarily joins with the stranger in creating the so-called "eternal triangle" by bestowing her love and affection upon him, a plaintiff may not shout in a petition that the stranger has alienated the affection of his wife and recover damages from him. Hence, to state a cause of action it is

essential that a plaintiff allege and prove he was not at fault in causing the wife's affections to stray, and that she did not voluntarily bestow her love and affection upon the stranger.

In light of the foregoing rule we turn to the second amended petition. Its allegations need not be quoted but when considered in accordance with the rule that as against a demurrer well-pleaded facts will be taken as true and given the benefit of all reasonable inferences, we think that pleading failed to state a cause of action. No allegations were made that the plaintiff's conduct had not been the controlling cause of the alienation, or that the wife had love and affection remaining for the plaintiff subject to being alienated, or that the acts of the defendant were the active, controlling cause of the loss of the wife's love and affection. Furthermore, the allegation that the defendant planned "with said plaintiff's wife to break up plaintiff's home" is subject to the inference the wife had no love and affection remaining for the plaintiff. Consequently, indispensable elements of plaintiff's cause of action were omitted from his second amended petition, and, necessarily, the demurrer was improperly overruled.

The judgment is reversed.