405 P.2d 411

**A. J. ARMSTRONG COMPANY, Inc., a corporation, Plaintiff,**

v.

**Lloyd B. HUFSTEDLER, Defendant, Third-Party Plaintiff-Appellee,**

v.

**Wilma L. BEERY, personal representative and sole surviving heir at law of Douglas E. Beery, Third-Party Defendant-Appellant,**

v.

**HAVAJAVA MANUFACTURING CORP. and Havajava Sales Corp., Third-Party Defendants-Appellees.**

No. 7635.

Supreme Court of New Mexico.

Aug. 23, 1965.

Rehearing Denied Sept. 21, 1965.

Garland & Martin, Las Cruces, for appellant.

T. K. Campbell, Las Cruces, for Lloyd B. Hufstedler.

Sanders & Bivins, Las Cruces, for Havajava Mfg. Corp. and Havajava Sales Corp.

# 410

NOBLE, Justice.

Douglas E. Beery died pendente lite, and his widow and sole heir at law, Wilma L. Beery, was substituted, over her objection, as a party defendant for her husband "as his personal representative and sole heir at law." She has appealed from a money judgment against her "as personal representative and sole surviving heir at law of Douglas E. Beery."

■ Our decision turns on whether the decedent's personal representative is an indispensable party to a continuation of the case. It is fundamental that a pending action cannot be prosecuted after the death of a party defendant thereto, so as to affect the decedent's estate, until it is revived against his personal representative or successor in interest. Since the revival of actions at law is purely statutory, they may be revived only as prescribed by § 21–7–11, N.M.S.A. 1953, which reads:

"Upon the death of a defendant in an action, wherein the right of any part thereof survives against his personal representatives, the revivor shall be against him, and it may also be against the heirs or devisees of the defendant, or both, when the right of action or any part thereof survives against them."

■ We cannot agree with appellee that a proper interpretation of the statute permits a revivor against either the personal representative or the heirs or devisees, at the plaintiff's election and without regard to the nature of the action. The statutory language makes it clear that revivor may only be against the person against whom the right of action involved in the litigation survives. See Frampton v. Santa Fe Northwestern Ry., 34 N.M. 660, 287 P. 694.

The action against Douglas E. Beery was on account of an alleged breach of an agreement to execute a note, and unquestionably affected the personal estate of the decedent, since it would require payment by the personal representative in the event of a money judgment. See Romero v. Hopewell, 28 N.M. 259, 210 P. 231. This action can only continue after his death against his estate, and revivor must be against his personal representative, who becomes an indispensable party. See McAndrews v. Krause, 245 Minn. 85, 71 N.W. 2d 153, 53 A.L.R.2d 312; Allen v. Hauss, 290 F. 253 (E.D.Mich.1923); Smith v. Dodge City Rendering Co., 175 Kan. 243, 263 P.2d 237; and see Smith v. Dean, 226 Ark. 438, 290 S.W.2d 439; In re Picozzi's Estate, 12 Misc.2d 347, 172 N.Y.S.2d 355. Although the question was not squarely before this court, we indicated our adherence to the general rule in Keirsey v. Hirsch, 58 N.M. 18, 265 P.2d 346; 43 A.L.R.2d 929. See, also, C. de Baca v. Baca, 73 N.M. 387, 388 P.2d 392.

The law is clear that the personal representative of a decedent's estate, within the meaning of the survival statute, supra, is his executor or administrator. Notwithstanding the recital in the order that Wilma L. Beery was substituted as "personal representative" of the defendant who died pendente lite, the record clearly reveals and, as a matter of fact, the court specifically found, that no proceedings had been instituted to probate Beery's estate and that "no personal representative has been appointed" for his estate.

It follows that the action, insofar as the judgment against Wilma L. Beery, as personal representative and sole surviving heir at law of Douglas E. Beery, is concerned, must be dismissed for failure to revive against the personal representative of Douglas E. Beery, deceased, an indispensable party.

In view of the disposition we have made, it becomes unnecessary to discuss other questions argued or briefed.

It follows that the judgment must be reversed and the case remanded with instructions to proceed in a manner not inconsistent with this opinion. It is so ordered.

CARMODY, C. J., and CHAVEZ, J., concur.