[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13429
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-01728-CEH-DAB

ANTHONY E. FERENTINOS,

Plaintiff-Appellant,

ESTATE OF SANDRA FERENTINOS,

Plaintiff,

versus

KISSIMMEE UTILITY AUTHORITY,
JAMES WELSH,
in Official and Individual Capacity,
CHRIS GENT,
in Official and Individual Capacity,
RICHARD WOODS,
in Official and Individual Capacity,
FRED H. CUMBIE, JR.,
in Official and Individual Capacity, et al.,
MICHAEL ANDREWS,
individual and official capacity,
ANDREWS AGENCY, INC.,
in official capacity,
FLORIDA HOUSE OF REPRESENTATIVES,

FLORIDA SENATE,
HON.DON GAETZ,
President of the Florida Senate,
HON.WILL WEATHERFORD,
Speaker of the Fla House of Representatives,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 5, 2015)

Before JORDAN, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

In this controversy which has a long and winding history touching on state and federal courts, Anthony Ferentinos,[*] proceeding *pro se*, appeals from the district court's dismissal with prejudice of his amended complaint, alleging constitutional violations per 42 U.S.C. §§ 1983, 1985 and various state laws under 28 U.S.C. § 1367.  The dismissal was explained as tied to his disregard of the court's orders and federal rules.  Ferentinos argues that the district court abused its discretion in finding that Ferentinos had "ignored" the district court's orders that

_____

[*] Counsel for the Estate of Sandra Ferentinos did not file an appeal.

2

his wife's estate and class-action claims needed to be counseled and to be filed separately.  In addition, he argues that the district court abused its discretion in finding that lesser sanctions would not suffice, given that he had a limited amount of time to amend his complaint.

We review for an abuse of discretion the district court's decision to dismiss a complaint for failure to comply with a court order or court rules.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).  Discretion means that the district court may act within a "range of choice," and we will not disturb the decision "as long as it stays within that range and is not influenced by any mistake of law."  *Id.*  Although the standard of review is abuse of discretion, dismissal of an action with prejudice is a sanction of last resort and proper only in extreme circumstances.  *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by lawyers and will be liberally construed.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  Nevertheless, "procedural rules in ordinary civil litigation" should not be interpreted "so as to excuse mistakes by those who proceed without counsel."  *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).  Furthermore, a court must not act as *de facto* counsel for *pro se* parties or rewrite a deficient pleading.  *GJR Invs., Inc. v. Cnty. of Escambia*, 132

3

F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

While dismissal is an extraordinary remedy, dismissal upon disregard of an order (especially where the litigant has been forewarned) is generally not an abuse of discretion. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  In applying Fed.R.Civ.P. 41(b), we have written that dismissal with prejudice is an extreme sanction and should only be imposed when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1337-38.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  In addition, every allegation "must be simple, concise, and direct," and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 8(d)(1), 10(b).  Although the complaint does not need detailed factual allegations, it must provide the grounds for relief, and "requires more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  To state a claim, the plaintiff needs to allege enough facts to make the claim "plausible on its face." *Id.* at 570, 127 S.Ct.

4

at 1974.  A "shotgun pleading" is one where it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).

The district court did not abuse its discretion in dismissing with prejudice Ferentinos's  295-page amended complaint: a dismissal  based on the judge's finding that Ferentinos "repeatedly ignored" orders that his wife's estate and class-action claims needed to be counseled and filed separately.  Moreover, the district court did not abuse its discretion in finding that lesser sanctions would not suffice: Ferentinos had been given more than sufficient opportunity to state a plausible cause of action in federal and state court and to cure the complaint's deficiencies. The district court also did not abuse its discretion in dismissing the amended complaint, based on the judge's determination that the amended complaint was a "shotgun pleading" -- similar to the other pleadings Ferentinos earlier filed in federal and state court -- and obviously did not comply with Fed.R.Civ.P. 8 and 10.

**AFFIRMED.**