This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARK POOLER, as Personal Representative**
**for JAMES POOLER, JR., deceased,**

Plaintiff-Appellant,

v.                                                                         **NO. 34,063**

**CITY OF ALBUQUERQUE and OFFICER**
**GABRIEL HOLGUIN, in his individual**
**capacity,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Anthony J. Ayala
Albuquerque, NM

for Appellant

Jenica L. Jacobi, Interim City Attorney
Natasha A. Martinez, Assistant City Attorney
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}     Should New Mexico retain the old common law rule that claims for damages caused by intentional torts do not survive the death of the person asserting them? The district court dismissed the case below based solely on the rule. We decline to address the rule because it is not necessary to do so. Under NMSA 1978, § 37-2-4 (1884), a statutory abatement and revivor provision, dismissal of the complaint was improper. Thus, we reverse.

**BACKGROUND AND PROCEEDINGS**

{2}     This case arose from an unfortunate set of circumstances which occurred in early 2011. According to the first amended complaint, Mark Pooler voluntarily committed himself for inpatient care at a psychiatric facility. While he was an inpatient resident his wife and daughter obtained a "temporary order of protection and order to appear." Mr. Pooler was released from the facility on April 12, 2011. He was never served with the temporary order.

{3}     On April 13, Pooler went to his son's home to retrieve some items of personal property. Assertedly he was not aware that his wife and daughter were present in his son's home. Pooler's daughter called 911, and an Albuquerque Police Officer was sent. Despite his assertion that he did not know about the restraining order, Mr. Pooler was arrested and jailed at the Metropolitan Detention Center.

{4}      Pooler was held at the jail for thirty-one days. Upon his release he had to obtain counsel to represent him in the criminal case brought against him by the arresting officer. On July 7, 2011, the criminal charges were dismissed because the restraining order had not been served on him as of the time he was arrested.

{5}      Pooler filed a complaint against the City of Albuquerque and the Albuquerque Police Department on July 9, 2012, asserting theories of wrongful arrest, battery, and false imprisonment. Pooler passed away on October 14, 2012. It is undisputed that Pooler's death was not related in any way to the events underlying this litigation. His son was named personal representative of his estate, and a motion to substitute parties was filed on November 7, 2012.

{6}      Defendants opposed the motion for substitution arguing that all of the theories in the complaint abated upon Pooler's death. Somehow the reply to Defendants' opposition to the substitution was filed in the district court's record four days before Defendant's brief was filed.  In the reply, Pooler's estate correctly pointed out that in all the cases Defendants relied on the injured party had died before any complaint was filed. Inexplicably, Pooler's estate then asserted that Section 37-2-4 did "not apply to the death of the plaintiff." The district court entered an "order allowing substitution of party." The order does not reflect any ruling on Defendants' abatement argument.

{7}      On the same day, the district court entered an order allowing Pooler's estate to amend the original complaint. The amended complaint named the arresting officer as

3

a Defendant, added more factual detail and asserted two more theories of recovery, including negligence theories of false arrest and false imprisonment, plus equal protection and due process violation "with regard to treatment of New Mexicans with Disabilities."

{8} Defendants moved for summary judgment as to the amended complaint relying primarily on their earlier argument that the theories for recovery involved intentional torts and thus did not survive Pooler's death. Defendants also argued that the negligent hiring, training, and supervision claims did not "fit" under the New Mexico Tort Claims Act. NMSA 1978, § 41-4-12 (1977). The district court apparently construed the entire complaint as asserting intentional torts because its sole rationale for dismissal was that the claim did not survive Pooler's death.

**ANALYSIS**

{9} Section 37-2-4 provides:

> No action pending in any court shall abate by the death of either, or both, the parties thereto, except an action for libel, slander, malicious prosecution, assault or assault and battery, for a nuisance or against a justice of the peace [magistrate] for misconduct in office, which shall abate by the death of the defendant.

As he did below, Pooler's counsel inexplicably asserts that the statute does "not apply to the decedent . . . or his estate." While we sometimes accept concessions made by parties, we will not do so if it would be harmful to the law. *State v. Caldwell*, 2008-NMCA-049, ¶ 8, 143 N.M. 792, 182 P.3d 775 ("This Court . . . is not bound by the

4

[s]tate's concession and we conduct our own analysis."). Here, the assertion is simply wrong.

{10}    By its plain terms Section 37-2-4 prevents the abatement of causes of action based on the death of any of the parties if the deaths occur while the action is pending. This case was pending when Pooler passed away. As such his claims survived his death. It is irrelevant that his causes of action might not have survived if he had died before filing suit. *Frampton v. Santa Fe, Nw. Ry. Co.*, 1930-NMSC-036, ¶ 3, 34 N.M. 660, 287 P. 694. *Frampton* held that causes of action not covered by the general survivorship statute—the predecessor to the current NMSA 1978, § 37-2-1 (1941)—would yet survive under the predecessor to Section 37-2-4.[1] *Frampton*, 1930-NMSC-036, ¶ 4. Thus, even if Pooler's actions were all intentional torts and would not survive his death under the common law, they are protected from abatement by Section 37-2-4. The exceptions which follow the broad survivorship provision apply only if the "defendant" in the case dies. That did not occur here.[2]

---

[1]Section 37-2-4 is identical to the statute in force in 1930, except that the compiler inserted the bracketed word [magistrate] after the justice of the peace system was abolished.

[2]Defendants argue on appeal that the negligent hiring, training and supervision theories should remain dismissed because there is no waiver of immunity under the Tort Claims Act for such action.  We will not address the issue in the first instance on appeal.  The district court's order dismissed the entire case on the abatement  theory only and did not address this argument.

5

{11}    We reverse and remand for further proceedings.

{12}    **IT IS SO ORDERED.**


_____
                          **MICHAEL D. BUSTAMANTE, Judge**


**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**