NOT DESIGNATED FOR PUBLICATION

No. 118,359

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JACALYN PATTERSON (JACK PATTERSON),
*Appellant*,

v.

MIDLAND CARE CONNECTION, INC.,
*Appellee*.

## MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed March 15, 2019. Affirmed.

*Jacalyn Patterson*, appellant pro se.

*Nicholas Savio* and *Derek G. Johannsen*, of Franke, Schultz & Mullen, PC, of Overland Park, for appellee.

Before BUSER, P.J., ATCHESON, J., and WALKER, S.J.

BUSER, J.: Jacalyn Patterson appeals from the district court's order dismissing with prejudice the amended petition she brought as a plaintiff with her deceased father, Jack Patterson, against Midland Care Connection, Inc. (Midland). On appeal, Jacalyn contends the amended petition stated a valid claim for relief. Midland raises jurisdictional bars and also argues that Jacalyn's amended petition does not state a valid claim for relief. For the reasons set forth in this opinion, we hold the district court did not err in dismissing the petition with prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

This case arises from hospice care services that Midland provided to Jack before his death. In June 2016, Jacalyn filed a pro se petition that alleged several claims against Midland. The petition named both Jacalyn and Jack as the party plaintiffs to the lawsuit. Midland moved to dismiss the petition. The district court denied Midland's motion to dismiss, but ordered Jacalyn to file an amended petition within 60 days. The district court also encouraged Jacalyn to retain an attorney.

In March 2017, after Jacalyn was unsuccessful in retaining an attorney, she filed a pro se amended petition. This petition asserted claims of negligence, elder abuse, breach of fiduciary duty, false advertising, intrusion upon seclusion, and respondeat superior against Midland. The claims apparently arose from allegations that Midland's defective shower chair caused Jack to fall, that Midland provided improper medication and treatment to Jack, and it ignored Jack's basic comfort needs.

Midland moved to dismiss the amended petition for failing to state a claim upon which relief could be granted. In the motion, Midland pointed out that Jack is deceased and it appeared that Jacalyn was attempting to bring claims on his behalf. Midland argued that any legal action brought by Jacalyn on Jack's behalf should be dismissed because Jacalyn failed to assert that she was Jack's personal representative. Moreover, to the extent that Jacalyn attempted to make a wrongful death claim, she failed to state a cause of action in the petition because she did not allege that Jack was deceased, let alone that Midland caused his death.

Following a hearing, the district court granted Midland's motion to dismiss. The district court explained:

"[P]laintiff Jacalyn Patterson failed to allege sufficient facts to support any of the causes of action identified in the Amended Petition. Many of the claims in the Amended Petition were brought on behalf of decedent, Jack Patterson. However, Plaintiffs' Amended Petition fails to even state that Jack Patterson is in fact deceased. It also fails to state that Jacalyn Patterson is the personal representative of Jack Patterson. As for plaintiffs' claim of false advertising, the court explained that there is only a federal law claim for false advertising, and not a state law claim."

In dismissing the case with prejudice, the district court explained that the case was on the court's docket for more than a year. The district court also mentioned that it gave Jacalyn ample opportunity to retain legal counsel and to file an amended petition that met Kansas notice pleading standards. The district court filed the journal entry of dismissal on June 21, 2017.

Jacalyn filed an untimely motion for reconsideration on July 27, 2017—36 days after the district court filed the journal entry of dismissal. That same day, Jacalyn also filed a notice of appeal, stating that she appealed from the "Defendant's Motion to Dismiss Amended Complaint." On August 18, 2017, the district court denied Jacalyn's motion for reconsideration because it was filed out of time. Jacalyn filed a second notice of appeal on September 13, 2017.

Recognizing that the notice of appeal was filed beyond the 30-day limitation under K.S.A. 2017 Supp. 60-2103(a), our court ordered the parties to show cause why the appeal should not be dismissed for lack of jurisdiction. Jacalyn responded that she never received notice of the district court's journal entry of dismissal. Our court noted Jacalyn's response and retained the appeal.

3

At the outset, Midland contends our court lacks jurisdiction over Jacalyn's appeal because: (1) Jacalyn failed to file a timely notice of appeal from the journal entry of dismissal, and (2) her notice of appeal does not identify the ruling or judgment being appealed.

Whether jurisdiction exists is a question of law over which our court's scope of review is unlimited. *Fuller v. State*, 303 Kan. 478, 492, 363 P.3d 373 (2015). The right to appeal is statutory and is not found in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by the applicable statutes. See *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016).

We will separately consider Midland's two jurisdictional arguments.

*Timely Notice of Appeal*

An appeal may be taken to the Kansas Court of Appeals, as a matter of right, from any final decision. K.S.A. 2017 Supp. 60-2102(a)(4). "The term 'final decision' is self-defining and refers to an order that definitely terminates a right or liability involved in an action or that grants or refuses a remedy as a terminal act in the case." *Kaelter v. Sokol*, 301 Kan. 247, 250, 340 P.3d 1210 (2015). An order dismissing a case with prejudice is a final decision for the purposes of an appeal. See *Shirley v. Glass*, 297 Kan. 888, 892, 308 P.3d 1 (2013).

An appeal must be filed within 30 days from the entry of judgment. K.S.A. 2017 Supp. 60-2103(a). This requirement is important because "an appellant's failure to file a notice of appeal in accordance with the time requirements of K.S.A. 60-2103(a) deprives

an appellate court of jurisdiction." *Board of Sedgwick County Comm'rs v. City of Park City*, 293 Kan. 107, 119, 260 P.3d 387 (2011).

A judgment is effective only when a journal entry or judgment form is signed by the judge and filed with the clerk of the district court. *Valadez v. Emmis Communications*, 290 Kan. 472, 482, 229 P.3d 389 (2010). A timely postjudgment motion (i.e., filed within 28 days of the entry of judgment) stops the appeal time from running. *Bank of America v. Inda*, 48 Kan. App. 2d 658, 662, 303 P.3d 696 (2013). Once the district court rules on the postjudgment motion, the 30-day appeal clock starts over again. K.S.A. 2017 Supp. 60-2103(a).

However, "[t]he time for filing post-judgment motions or taking an appeal from a final judgment entered without the required notice commences to run when there has been a compliance with" both K.S.A. 2017 Supp. 60-258 and Supreme Court Rule 134 (2018 Kan. S. Ct. R. 200). See *Daniels v. Chaffee*, 230 Kan. 32, Syl. ¶ 1, 630 P.2d 1090 (1981). As our Supreme Court has explained:

> "Under most Kansas statutes, the time for taking an appeal under the civil code does not commence to run until the party entitled to appeal has received notice of the judgment or order or the judgment is filed with the clerk of the court. The reason to require notice to the party is to insure that the party having the right to appeal has actual knowledge that an adverse judgment has been rendered." *McDonald v. Hannigan*, 262 Kan. 156, 163, 936 P.2d 262 (1997).

As a result, a party who files a notice of appeal within 30 days from the day that party learns of the entry of judgment preserves the right to attack the judgment. 262 Kan. at 163-64; *Nicklin v. Harper*, 18 Kan. App. 2d 760, 764, 860 P.2d 31 (1993).

Returning to the case on appeal, the district court entered judgment dismissing the amended petition on June 21, 2017. Jacalyn filed her first notice of appeal "from

5

Defendant's Motion to Dismiss Amended Complaint which the Defendant filed on April 4, 2017" more than 30 days later—on July 27, 2017. However, Jacalyn claims that she did not discover that judgment was entered against her until September 2017. The language of Jacalyn's first notice of appeal—which stated that it was "premature"—provides some support for her claim that she was unaware that judgment had been entered when she filed this initial notice of appeal. The holdings of *McDonald* and *Daniels* applied to these facts result in our legal conclusion that the time for appeal began to run when Jacalyn received notification of the entry of judgment in September 2017.

Taking Jacalyn's allegations as true, her time to appeal began in September 2017. Jacalyn filed a second notice of appeal on September 13, 2017. We hold that Jacalyn's second notice of appeal was sufficiently timely to establish appellate jurisdiction.

*Designating the Judgment Appealed From*

Midland's second argument is that our court lacks jurisdiction over Jacalyn's appeal because she failed to identify the ruling or judgment being appealed from in the notice. K.S.A. 2017 Supp. 60-2103(b) provides that a notice of appeal must "designate the judgment or part thereof appealed from." "It is a fundamental proposition of Kansas appellate procedure that an appellate court only obtains jurisdiction over the rulings identified in the notice of appeal." *Hess v. St. Francis Regional Med. Center*, 254 Kan. 715, 718, 869 P.2d 598 (1994).

Nevertheless, our court must liberally construe the notice of appeal and the relevant statutory requirements to assure justice in every proceeding. *Mundy v. State*, 307 Kan. 280, 291, 408 P.3d 965 (2018). Of note, "[p]ro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). In determining whether a party adequately designated the ruling complained of, the court

6

also considers whether the opposing party could discern and prepare for arguments on appeal. *Mundy*, 307 Kan. at 291.

Jacalyn's notice of appeal states that she "gives Notice of Appeal from Defendant's Motion to Dismiss Amended Complaint which the Defendant filed April 4, 2017." As Midland argues, the notice identifies only its motion and fails to mention any ruling by the district court. But the subject matter of Jacalyn's appeal is apparent from her notice— she sought to challenge the district court's adverse ruling on Midland's motion to dismiss.

It is reasonable to infer that Jacalyn's appeal from the motion to dismiss was an appeal of the district court's dismissal of her action. This is particularly true considering that Jacalyn wrote the notice herself and was not yet aware of the journal entry of judgment. Importantly, Midland does not contend it was prejudiced by Jacalyn's failure to specify that she was appealing the ruling on its motion to dismiss as opposed to the motion itself. The language of Jacalyn's notice of appeal was sufficient to apply to the district court's dismissal of her amended petition. Accordingly, we have jurisdiction to consider Jacalyn's appeal.

DISMISSAL OF AMENDED PETITION WITH PREJUDICE

Turning to the merits, Jacalyn contends the district court erred by granting Midland's motion to dismiss. Midland responds that the district court properly dismissed the action because Jacalyn lacks standing to bring claims on behalf of Jack, and the amended petition failed to state a claim.

Whether a district court erred by granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. The appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state any

claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

At the outset, the amended petition is not a model of clarity. As a consequence our appellate review is made more difficult. Generally, the amended petition raises several claims against Midland. Jacalyn first alleged three counts of negligence. Each count of negligence apparently arose from (1) Midland placing a defective bath chair in a bathtub which caused Jack to fall, and (2) Midland's refusal to treat Jack's injuries sustained in this fall. In one count of negligence, Jacalyn alleged that "Plaintiff incurred/acquired injury physical, emotional, mental through physical impact of facet, handles and tub." In another count, Jacalyn argued that without Midland's negligence "Plaintiff could have had chance of better recovery for a happier and peaceful life."

Jacalyn also asserted three counts of elder abuse. Like the negligence claims, each count of elder abuse appears to stem from Jack's fall from the bath chair and Midland's failure to properly treat his injuries. Next, Jacalyn claimed that Midland breached a fiduciary duty owed to Jack by refusing to treat his injuries in order to maximize financial gain.

The amended petition listed three counts of false advertising. Jacalyn claimed that Midland did not perform as advertised and failed to uphold certain promises. Specifically, Jacalyn stated that Midland ignored Jack's health, medication, treatment, and comfort despite its advertised promises to listen and provide excellent end-of-life care. Finally, Jacalyn alleged that Midland intruded upon the seclusion of another.

In summary, upon our review of the amended petition, Jacalyn does not seem to bring any claims on her own behalf. Instead, Jacalyn solely brings claims on behalf of her father, Jack—the decedent.

8

The Kansas Supreme Court has long held that claims that survive the death of the decedent may be maintained only by the decedent's personal representative, not his or her heirs. *Cory v. Troth*, 170 Kan. 50, 53, 223 P.2d 1008 (1950). In the present case, however, the amended petition fails to state that Jacalyn is the personal representative of Jack. This is a fatal omission because a personal representative is the real party in interest in such a cause of action. See K.S.A. 2017 Supp. 60-217; 170 Kan. at 53.

Citing Black's Law Dictionary, Jacalyn now argues that she is Jack's personal representative because prior to his death the two contracted for Jacalyn to conduct Jack's lawful business, including litigation. But, contrary to her argument, in Kansas a personal representative of a decedent is the administrator or executor of the estate. See *Smith v. Dodge City Rendering Co.*, 175 Kan. 243, 245, 263 P.2d 237 (1953). At no point does Jacalyn claim that she is the administrator or executor of Jack's estate. As a consequence, Jacalyn is not the real party in interest to prosecute Jack's claims that survive his death against Midland in this lawsuit.

The amended petition reflects other fatal omissions. In the petition, Jacalyn failed to state a valid claim for wrongful death. Under Kansas law, a wrongful death action may be brought by the decedent's heirs and the heirs may recover damages caused by the wrongful death of the decedent. K.S.A. 2017 Supp. 60-1901; K.S.A. 60-1902. However, Jacalyn fails to state a valid wrongful death claim for two basic reasons—she does not allege that Jack died or that Midland caused his death.

A district court need not afford a party repeated chances to file amended petitions to cure elemental deficiencies in the claims alleged. See *Ferentinos v. Kissimmee Utility Authority*, 604 Fed. Appx. 808, 810 (11th Cir. 2015) (unpublished opinion); *Bey v. Natures Point Homeowners Association, Inc.*, No. 1:17-cv-5054 WSD-JKL, 2018 WL 1789426, at *3 (N.D. Ga. 2018) (unpublished opinion). That is true whether a party has legal representation or is proceeding on his or her own. Here, the district court gave

9

Jacalyn ample opportunity to fix her original petition, and the amended petition reflected the same sort of defects. The district court had no obligation to do more.

Upon our review, we hold the district court did not err in dismissing the amended petition with prejudice. As discussed earlier, Jacalyn was not the real party in interest to prosecute this action for the claims that survived Jack. Moreover, the amended petition failed to state claims upon which relief could be granted. The district court did not err by granting Midland's motion to dismiss.

Affirmed.